71  451
73  324

71  451
75  271
76  477

No. 2508.

## TEXAS & PACIFIC RAILWAY COMPANY ET AL. v. ELIZABETH HILL ET AL.

1. VARIANCE.—In the petition it was charged that the personal injury was caused at a public crossing by the negligence of the railway company, etc., in not keeping a safe crossing over its track at the public crossing, defects in the bridge, and in the position of a hand car and pile of ties being given as particulars, etc. The testimony showed that the crossing was good and tended to show that the team driven by deceased took fright at the hand car and pile of ties at the crossing and ran a distance of one hundred to one hundred and fifty yards before deceased was thrown from the wagon. *Held*, no variance existed between the petition and testimony.

2. GROSS NEGLIGENCE OF SERVANTS.—In action for damages from gross negligence of the servants and employes of a railway company, it devolves upon the plaintiff, in order to recover, to establish such degree or character of negligence, and it is error in the court to refuse to instruct the jury that unless gross neglect, defining it, be established, the plaintiff can not recover.

3. CASES FOLLOWED.—Missouri Pacific Railway Company v. Scott, Tyler term, 1886, and Hendrick v. Walton, 69 Texas.

4. NEGLIGENCE NOT MATTER OF LAW, but it has been held that "where the facts are undisputed, and such that only one conclusion can be drawn from them, then the question is one of law." Still, unless an act or combination of acts are denounced by statute as negligence, courts have rarely felt authorized to withdraw from the jury the decision of the entire facts whether they constitute negligence.

5. CIRCUMSTANTIAL EVIDENCE.—That other horse teams became frightened at the crossing is competent as a circumstance to show the condition as to safety, etc., at and before the injury, it being shown that the team of the deceased was running as if from fright immediately upon passing the crossing.

APPEAL from Red River.    Tried below before the Hon. D. H. Scott.

This suit was commenced April 3, 1886, in the district-court of Red River county, by Elizabeth Hill, widow of David Hill, and by Lilly Bell, Charles, Lula, John and David Hill, his children, who were minors, and sued by their mother, Elizabeth Hill, as next friend, against the Texas & Pacific Railway Company and the Missouri Pacific Railway Company, to recover twenty thousand dollars damages for the death of David Hill by defendant's negligence.  Deceased was alleged to have been killed on October 29, 1885, at the crossing of a public road, about a mile and half east of Clarksville, by being thrown from his wagon through alleged defects in the railroad crossing and the fright of his team at a pile of ties and a hand car left standing by the side of the road by the railway employes.

Defendant answered by a general denial and plea that the death was due to the negligence or inadvertence of deceased whereby he fell from the wagon after he had crossed the railway and its approaches in safety.

Special exceptions to the petition were also filed, and were met by a trial amendment alleging more specifically than had been done the names of the plaintiffs and the defects in the crossing which were alleged to have caused the accident.

The cause was tried before a jury, and resulted in a verdict for plaintiffs for eight thousand dollars, of which three thousand dollars was awarded to the widow, and one thousand dollars each to the minor children.

The court, upon motion for a new trial, refused to disturb the judgment, and defendants united in an appeal taken in the usual form.

*R. C. Foster* and *A. E. Wilkinson,* for appellants:  The cause of action submitted to the jury by the charge of the court, the only one upon which plaintiffs can have recovered under the evidence, or which the evidence tends to prove, is materially variant from that alleged in plaintiffs' petitition with respect to the place, cause, manner and circumstances of the death of David Hill, and the manner in which defendants' negligence operated to cause it; and the court erred in submitting the same by its charge.   (Batterson v. Chicago & Grand Trunk

R'y Co., 8 Am. and Eng. R'y Cases, 123; Waldheir v. H. & St. J. R. R. Co., 71 Mo., 514; 2 Am. and Eng. R'y Cases, 146; D. S. & M. S. R'y Co. v. Beam, 11 Bradwell, Ill., 215.)

The defendants are liable under the statute for death by negligence of their employes only when such negligence is gross as distinguished from ordinary negligence. (Rev. Stats., art. 2899; Mo. Pac. Ry. Co. v. Susanna Scott, Tyler term, 1887; H. & T. C. Ry. Co. v. Cowser, 57 Texas, 306; Commonwealth v. Fitchburg R. R. Co., 126 Mass., 472; Same v. B. & M. R. R. Co., 133 Mass. 383, 8 Am. and Eng. R. R. Cases, 297; Same v. Fitchburg R. R. Co., 120 Mass., 372.)

As to what constitutes gross as distinguished from ordinary negligence. (S. C. P. Co. v. Bradley, 52 Texas, 599, 600; T. & P. Ry. Co. v. Burns, August 7, 1884, 3 Texas Law Reporter, 88; I. & G. N. R. Co. v. Cocke, 64 Texas, 156.)

That the question of negligence must be left to the jury. (Ry. Co. v. Wilson 60 Texas, 142; Ry. Co. v. Chapman, 57 Texas, 75; Mo. Pac. R. Co. . Mary A. Lee, 70 Texas, 496.)

The following remarks are submitted in this connection by way of argument and explanation of the proposition:

The act of leaving an object in such relation to the traveled highway as that a team is alarmed thereby, can not certainly be pronounced by the courts of this State to be gross negligence or even ordinary negligence as matter of law. Whether negligent at all or not, or if negligent, whether the act evidenced such conscious indifference to consequences as to come within the meaning of gross negligence as construed by our courts must clearly be a question for the jury in all cases; and especially so in such as this where the question of negligence is one of degree depending upon the extent to which the appearance of the object would be likely to cause alarm. Indeed the courts of this State have generally felt themselves obliged to submit to the jury the question of whether any negligence existed in the acts which the courts generally treated as so obviously reckless that their negligent character should be assumed and recognized. Thus the act of a person who drives upon the track without looking or listening to discover an approaching train which he might have seen or heard is not to be treated by the court as negligence in law, but it is to submit to the jury the question whether the person in question exercised ordinary care. (Ry Co. v. Wilson, 60 Texas, 142; Ry. Co. v. Chapman 57 Texas, 75; Mo. Pac. Ry. Co. v. Mary A. Lee, 70 Texas, 496.)

Assuming then that the acts of defendant's employes were not such as the court could pronounce to be gross negligence as matter of law it will be clear that the action of the court in refusing to recognize the distinction made in our statutes between death caused by the defendant's own negligence and that by the negligence of their servants must be ground for reversal.

Here there was no pretense of any act except that of subordinate employes.

The action is given by our statute: "When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer or hirer of any railroad, steamboat, stage coach or other vehicle for the conveyance of goods or passengers, or by the unfitness, gross negligence or carelessness of their servants or agents." (Rev. Stat., art. 2899.)

In the case of the Missouri Pacific Railway Company v. Susanna Scott, the question arose as to whether there could be a recovery under this act against the employer for the ordinary negligence only of his employe, and it was held that there could not. The court, after defining ordinary negligence for which, if committed by the corporation itself, it would be liable, said: "Certainly that same degree of negligence on the part of the servant or agent would not render the company liable for the injury. It is only when the agent or servant is guilty of 'gross' negligence that the company is liable upon the ground of negligence."

"It will be seen that the degree of care exacted in this case was the same as the law exacted of the company itself. By the terms of that charge if the employes of appellant were guilty of ordinary negligence which resulted in the death of John Scott, that then appellee was entitled to recovery. That this was erroneous admitted of no question, and as the court can not say that the jury was not thereby misled to appellant's injury it must be considered a reversible error."

The frightening of other teams was not evidence that the team of deceased was frightened on this occasion. (Whar. on Ev., secs. 29, 30, 40, 41; 1 Greenl. on Ev., sec. 52; Stephens on Ev., sec. 10; Hudson v. Railway Co., 49 Iowa, 581; 44 Am. Rep., 692; Parker v. Portland Rubber Co., 69 Maine, 173; 31 Am. Rep., 262.)

Though admissible to show that the hand car was likely to have that effect or that it was negligence to leave it there.

(Crocker v. McGregor, 76 Maine, 282; 49 Am. Rep., 611; Gordon v. Railway Co., 58 N. H., 396; Whart. on Ev., sec. 41.)

Testimony of witness on former trial is admissible to impeach, but not as evidence of the facts there stated. (Gould v. Land Co., 9 Cush., 338; 57 Am. Dec., 50; DeSobry v. DeLasestre, 2 Harris & J., Md., 191; 3 Am. Dec., 540.)

The injury to David Hill did not appear to be the proximate result of the acts of negligence alleged or proven, and the court erred in refusing the first instruction requested by defendants, and in overruling their motion for a new trial on the sixth ground therein stated. The following authorities are relied on: Seale v. Railway Co., 65 Texas, 274; Railway Co. v. Folliard, 66 Texas, 603; Spalding v. Winslow, 74 Maine, 533; Jackson v. Railway Co., 19 Am. & Eng. R. R. Cases, 433, 49 Am. Rep., 663; Railway Co. v. Taylor, 104 Penn. St., 306, 49 Am. Rep., 585, 586; Selick v. Railway Co., 23 Eng. & Am. R. R. Cases, 338, note 341; Flower v. Adam, 2 Tant., 314, 2 Thomp. on Neg., 1098.)

*Sims & Wright*, for appellees: The uncontradicted evidence shows that the hand car complained of had been left at the crossing where the accident occurred for a long period, and in the right of way of the county road—and at that, after the teams of the traveling public had on many occasions taken fright at the same, to the knowledge of the servants, etc., of the defendant. We therefore submit that the acts complained of were per se gross negligence. (Pat. R'y Acc. Law, sec. 148, pp. 151, 152; Lee v. R. R., 34 Am. Rep., 668; Bennett v. Lowell, Id., 628; Thompson v. Anderson, Id., 640.)

And where the evidence is clear and uncontradicted upon an issue, the court may treat it as proven in the charge. (Eason v. Eason, 61 Texas, 225, and authorities there cited.)

We therefore submit that the failure to give the instruction complained of was not error.

Appellants virtually admit that the evidence of the fright of other teams at the hand car was admissible to show the only things that we ever contended for:

1. That they were objects calculated to frighten the teams of the traveling public.

2. That the servants, etc., of the defendants knew that they had frighetned other teams, and yet allowed them to remain there.

3. That from these facts the jury might infer, as in other

circumstantial cases, that if the horses of the balance of the traveling public got frightened at the said objects, that Hill's horses likewise did.

WALKER, ASSOCIATE JUSTICE.  This is an appeal from a judgment in favor of Elizabeth Hill, widow of David Hill, and their five minor children, against appellants, for causing the death of said David Hill by the gross negligence of the servants of appellants

The petition alleges the death October 29, 1885, at the railroad crossing of a public county road, one and one-half miles east of Clarksville, by being thrown from his loaded wagon through the alleged defects in the crossing, and from fright of his team of horses at a pile of cross ties on the west and a hand car, on the east side of a public road, and near the railroad track, and so close together that there was barely room for the passage of vehicles.  The obstacles were on the right of way both of the railroad and of the county road.

Defendants pleaded not guilty and contributory negligence. The testimony failed to prove the allegations as to the actual crossing as out of repair.  The charge of the court was directed to the case as made by the presence of the obstacles and their effect.  The decased fell from a bale of cotton in the wagon on which he was riding, from seventy-five to one hundred and fifty yards from the crossing, his horses being in a gallop when he fell.

Upon such testimony it is held that there was no material variance between the allegations and proof.  Plaintiffs only failed in proof of some of their allegations.

The second assignment of error attacks the charge of the court and the refusal of certain charges asked, "holding defendants liable if the death was caused by the negligence of defendants' subordinate employes, though the negligence was not that of the defendants, and though the negligence of the employes was not gross, but ordinary negligence only."

The parts of the charge of the court upon negligence are here given:  "In order to find for the plaintiffs * * * you must be satisfied by preponderance in the evidence that all of the following propositions are true:" * * *

"2.  That David Hill is dead, and that his death was caused by the negligence of the defendants in placing a pile of railroad ties or a hand car, or both of such objects, so near to the public

county road as to frighten horses and teams of persons travel-
ing on such road, and that the same was calculated to have
that effect." * * *

"5. That a person of common prudence and caution in a like
business as the defendants would not, under ordinary circum-
stances, have left the ties or hand car in the situation that the
evidence in this case may satisfy you they or either of them
was left."

The defendants asked the charges following:

3. "Though the jury believe that the act of leaving the hand
car by the crossing was an act of ordinary negligence, as else-
where defined, yet if it was placed there by the section men or
fencing gang or their foreman, neither of said defendants can
be liable for such an act by employes of that grade. As there
is no evidence connecting either of the corporations defendant
themselves with such act, they can not be held responsible for
the result of negligence on the part of their employes."

7. "The defendants are not chargeable with any act of or-
dinary negligence by or on the part of their employes or ser-
vants causing the death of the deceased. To make them liable,
the act or omission alleged to have caused the death must
have been willful or grossly negligent."

These were refused.

The statute under which the suit was brought provides for
an action "where the death of any person is caused by the
negligence or carelessness of the proprietor, owner, charterer
or hirer of any railroad, steamboat or stage coach or other ve-
hicle for the conveyance of goods or passengers, or by the un-
fitness or gross negligence or carelessness of their servants or
agents." (Rev. Stats., art. 2988.)

In the petition of plaintiffs the acts of negligence causing
the death are alleged to have been done "through and by the
unfitness, gross negligence and carelessness of their (defend-
ant's) agents, servants, employes, hands," etc.

The evidence showed that deceased was killed by falling
from his wagon at a point seventy-five to one hundred and fifty
yards from the place he crossed the track; that at the crossing
near the railroad track a pile of ties was upon the west side
and a hand car upon the east side of the public road; that the
ties and hand car had been placed there by a fence gang in the
employ of the Texas & Pacific Railway Company, one of the
defendants then employed in fencing the roadway. The men

composing the fence gang were *servants* of one of the defendants, employed in work in which both the defendants were interested.

To entitle the plaintiffs to recover, it devolved upon them to prove that the death, when caused by the neglect of the servants, etc., was by their *gross negligence.* This is obvious from the language of the statute giving the action. If the court needed precedent in holding that when the action is given by statute upon gross negligence of the servants, the plaintiff, availing himself of such right, should bring himself reasonably under its terms, we have such precedent in the case of Missouri Pacific Railway Company v. Scott, Tyler term, 1886 (not reported), cited with approval in Hendrick v. Walton, 69 Texas, 195; and as holding that this provision, before its amendment, March 25, 1887, by the omission of the word "gross," as descriptive of the degree of negligence upon which right of action was given, "afforded no remedy against a railroad company when the death was caused by the ordinary neglect of the servants or agents of the corporation."

So, in 57 Texas, 306, Railway v. Cowser, this difference was recognized between the liability of a railroad owner, etc., for the acts of its representative in its corporate capacity, and for the acts of a mere ordinary servant.

In 52 Texas, 600, Cotton Press Company v. Bradley, this distinction was again recognized, and it was held that a charge was defective in not defining gross negligence, the action having been brought upon negligence of the employes of the cotton press company.

The record here shows that the charge of the court gave the rule as to the liability upon want of ordinary care—that is upon ordinary negligence. It also appears that the defendant asked that the charge be corrected by asking instructions defining their liability for the acts of their employes in accordance with the statute under which suit was brought.

Counsel for appellees urge in their brief "that the uncontradicted evidence shows that the hand car had been left at the crossing when the accident occurred for a long period in the right of way of the county road, and after the teams of the traveling public had on many occasions taken fright at the same. From which the acts were *per se* gross negligence."

Opposed to this may be cited the discussion of negligence, and of the respective duties of court and jury in ascertaining

its existence, in 46 Texas, 366, Railway v. Murphy, in which is suggested that, "in the absence of a law defining the acts which constitute negligence, it is a fact to be found by the jury upon evidence as any other material fact."

It is has been held that, "where the facts are undisputed and such that only one conclusion can be drawn from them, the question is one of law." (1 McCrary, C. C. Rep., 505, O'Neill v. Chicago, etc., R. R. Co.)

It would not be insisted that the trial judge could have told the jury that negligence was proven upon part of the defendants, or that the facts in evidence showed as matter of law negligence. If not, for a stronger reason, would it be improper for the court to assume and act upon as a matter of law the presence of the higher degree of negligence, denominated gross negligence.

While the opinion in the Murphy case, above cited, has not received the unqualified sanction of our courts, yet it has been substantially followed. We have been cited to no case where it had been held competent for the court to charge upon any particular combination of facts as constituting negligence, save when so declared by law. Courts have insisted upon the right in plain cases to exercise such prerogative, but it has been a barren right, and no exercise of it has been known to us by our courts. (Railway v. Gasscamp, 69 Texas, 547.)

The amendment March 25, 1887, dropping the word *gross*, as descriptive of actionable negligence, where used in the original act, is a great relief to the bar and to the bench. It certainly is more natural to investigate as a basis for relief the fact of negligence, and whether it caused the injury, considering negligence to be the want of proper care under the attendant circumstances, whether slight, ordinary or great, the degree of care required by law to be explained by the court. Cases have been affirmed where this rule has not been followed, and upon the record showing actionable negligence in violation of the duty of ordinary care, but in no case did the defendants object or place themselves in a condition to avail themselves of their strict rights. Of course it is to be presumed that the rights in litigation in those cases did not require further investigation or counsel would have raised the question.

It is not deemed necessary to discuss the sufficiency of the testimony. While the testimony to other horses being frightened at the crossing does not show or tend to show more

than that the crossing, by reason of the presence of the hand car by the road side so near the pile of ties, was an object of terror to horses passing by, still that fact, if established, is one to which the jury might and should give attention as a circumstance when it was shown that the team of the deceased was frightened near to and just after passing the obstacles when there is not shown to have been present any other cause of their fright. The facts were sufficient to be submitted to the jury.

For the error in refusing the instructions asked by defendants, the judgment below is reversed.

*Reversed and remanded.*

Opinion delivered October 16, 1888.