SABINE & EAST TEXAS RAILWAY COMPANY V. WILLIAM HANKS.

No. 2660.

1. **Liability of Railroad Company for Acts of Servants.**—Prior to the Act of March 25, 1887, omitting the word *gross* from article 2899, paragraph 2, a railroad company was not liable for injuries resulting in death caused by the negligence of the servants of the company unless the negligence was gross. Ry. v. Hill, 71 Texas, 451.

2. **Negligence—Injuries to a Child.**—The question of negligence and of its degree usually depends upon the particular facts of each case, and a state of facts which would show ordinary negligence in case of injury of a person who has arrived at years of maturity might in case of a child establish gross negligence.

APPEAL from Tyler. Tried below before Hon. W. H. Ford.

The case is stated in the opinion.

*Perryman & Gillaspie,* for appellant. — 1. The court in its charge should have restricted the liability of appellant to gross negligence or carelessness of its servants. Rev. Stats., art. 2899, before amendment of 1887; Mo. Pac. Ry. v. Elizabeth Hill, 71 Texas, 451.

2. The charge of the court on ordinary negligence was wholly inapplicable and calculated to mislead the jury. Cannon v. Cannon, 66 Texas, 686–7; Loving v. Dixon, 56 Texas, 79.

*West & Chester,* and *Cooper,* for appellee. — 1. A railway company is responsible for the ordinary negligence of its servants operating its train

when such negligence results in the death of one on its track who has not contributed to his death; therefore the court did not err in charging on negligence. H. & T. C. Ry. Co. v. Sympkins, 54 Texas, 615, and cases cited; T. & P. Ry. Co. v. Lowry, 61 Texas, 149; H. & T. C. Ry. Co. v. Smith, 52 Texas, 178; G. H. & H. Ry. Co. v. Moore, 59 Texas, 64; H. & T. C. Ry. Co. v. Simpson, 60 Texas, 103; I. & G. N. Ry. Co. v. Ormond, 64 Texas, 485.

2. Railway companies are bound to exercise their dangerous business with due care to avoid injuries to others; and if the agents or servants of the defendant knew, or by the exercise of reasonable diligence might have known, that deceased was upon or near defendant's track and that he was a child and his consequent want of judgment or discretion and in peril of his life, and so knowing, or when by the exercise of reasonable diligence they might have known the same, failed to use the utmost possible care to prevent his death, their failure so to do would be willful and gross negligence; therefore the charge of the court is correct. H. & T. C. Ry. Co. v. Sympkins, 54 Texas, 615, and cases cited; Evansich v. G. C. & S. F. Ry. Co., 57 Texas, 123; Cotton Press Co. v. Bradley, 52 Texas, 587; T. & P. Ry. Co. v. O'Donnell, 58 Texas, 27; G. C. & S. F. Ry. Co. v. Evansich, 61 Texas, 3; T. & P. Ry. Co. v. Lowery, 61 Texas, 149; I. & G. N. Ry. Co. v. Smith, 62 Texas, 252.

GAINES, ASSOCIATE JUSTICE.—The appellee brought this suit to recover of appellant damages for the death of his minor son, alleging that the death was caused by the gross negligence of the servants of the railway company. The court in its charge defined ordinary negligence, and instructed the jury in effect that if the death of the child "could have been prevented by ordinary diligence and care," or "if appellant's servants knew or might have known by the use of ordinary care and diligence that the child was in danger of being run over or injured by the train and they failed to exercise the highest order of care to avoid the danger to the child," they should find for the plaintiff. The death of the child was alleged and proved to have occurred on July 6, 1886. The negligence shown by the evidence, if any, was that of the servants of the company operating its train. As the law then was there could be no recovery against a railroad company for injuries resulting in death caused by the negligence of the mere servants of the company unless the negligence was gross. Rev. Stats., art. 2899, par. 2. This was so held by this court in the cases of Railway Company v. Scott, Tyler Term, 1886, not reported, and in Railway Company v. Hill, 71 Texas, 451. The amendment to the article of the Revised Statutes above cited which omitted the word "gross" before the word "negligence," passed March 25, 1887, does not affect the rights of the parties in this action. Laws 20th Leg., p. 44.

The charge of the court is erroneous, and the evidence being in conflict

both as to the fact and degree of negligence, the judgment will be re-versed and remanded for a new trial under proper instructions.

In view of another trial we may remark that so much of the charge as instructed the jury that the plaintiff was entitled to recover if the servants of the company saw that the child was in danger and failed to exercise the highest degree of care to avoid the accident. Even if the servants saw the danger the company was only responsible for their gross negligence. However, the question of negligence and of its degree usually depends upon the particular facts of each case, and a state of facts which would show ordinary negligence in case of the injury of a person who has arrived at years of discretion might in case of a child establish gross negligence. The care must always be in proportion to the danger, and in cases like this the danger to a child is obviously greater than it would be to an adult.

In view of the fact that the case is to be again tried we do not deem it proper to discuss the assignments which question the sufficiency of the evidence to support the verdict. It is due to the learned judge who tried the case below to say that at the time of the trial the opinion in Railway Company v. Scott, above cited, had not been published, and that the case of Railway v. Hill had not been decided in this court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 15, 1889.