GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. JOHN KUTAC ET AL.

No. 2819.

1. **Railway Liability for Acts of Servants.**—Prior to Act of March 25, 1887 (20th Leg.), railway companies were liable for the negligence of their servants and employes only when such negligence was gross.

2. **Same.**—Action for damages for the death of the mother of plaintiffs, alleged to have been caused by the gross negligence of the agents and employes of the defendant company. The death was caused February 14, 1885. The court in its charge sub-

mitted ordinary care as the duty and ordinary negligence as the ground of liability of the defendant. There was no definition of gross negligence. *Held:*

1. The defendant was not liable for the ordinary negligence of its servants.

2. The charge asked by the defendant, that in the absence of gross negligence on part of the employes, etc., the defendant was not liable, should have been given.

3. **Circumstantial Evidence.**—Where the rate of speed of the train was charged as dangerous, it was competent to show that at other stations the train had run at dangerous rate of speed on same journey.

4. **Negligence of Husband Affecting Wife.**—In suit for damages from death of the wife it was proper to refuse an instruction charging the wife with negligence of the husband, who was in the wagon with her at the collision in which she was killed, so as to show contributory negligence.

5. **Charge.**—It is not proper for the court in charging the jury to group together parts of the testimony to be considered by them upon an issue in the case. Such practice is calculated to give undue emphasis to such parts of the testimony.

6. **Charge—Absence of Testimony.**—Where numerous witnesses testified that the defendant company had rung the bell, etc., on approaching the crossing where the collision occurred, and only two persons (who were in the wagon with the deceased) testified that they did not hear the bell ringing, in such state of the testimony it was improper to submit an instruction recognizing the fact that no signals were given.

APPEAL from Colorado. Tried below before Hon. George McCormick. The opinion discloses the case.

*W. N. Shaw* and *D. C. Ballinger,* for appellant. — 1. Appellant is not liable, because the death of Annie Kutac was not caused by any negligence of defendant, but was caused solely by the gross negligence and recklessnes of the driver and those in charge of the wagon. Railway v. Smith, 52 Texas, 178; Railway v. Bracken, 59 Texas, 71; Railway v. Graves, 59 Texas, 330; Railway v. Chapman, 57 Texas, 75; 2 Rorer on Rys., pp. 1055, 1061, 1062, 1067; Pierce on Rys., p. 343; Railway v. Austin, 69 Ill., 426.

2. It was error to the prejudice of appellant to admit evidence as to a rapid speed of the train, or as to acts of negligence on part of employes of same train on same day of collision, and at other and different towns on the railway remote from the town of Schulenburg, where collision occurred. 1 Greenl. on Ev., sec. 52, and notes; Hudson v. Railway, 8 Am. and Eng. Ry. Cases, 464; Gahagan v. Railway; 1 Allen, 187; 2 Thomp. on Neg., pp. 801, 804.

3. It is improper for the court to give undue prominence in its charge to particular facts, or to call the attention of the jury to particular parts of the evidence, unless it certainly establishes as matter of law some issue involved in the case. Gray v. Burk, 19 Texas, 228; Heldt v. Webster, 60 Texas, 207; Medlin v. Wilkins, 60 Texas, 409; Frisbie v. Withers, 61 Texas, 134; Traylor v. Townsend, 61 Texas, 144; Lee v. Yandell, 69 Texas, 34.

4. The court erred in the charge to the jury wherein it submitted substantially that they could find for the plaintiffs if they found from the

evidence that the death of Annie Kutac was caused by the want of the exercise of proper care and prudence on the part of defendant's employes, which could, if exercised by them, have prevented the injury complained of, and by the use of ordinary care and watchfulness on the part of the person or persons running said engine could have been prevented by them, subject only to the contributory negligence of Annie Kutac; said charge being erroneous, in that it authorizes a recovery against defendant for the injuries resulting from the death of Annie Kutac caused by the ordinary negligence of the employes, agents, and servants of defendant, and fails to limit plaintiffs' right of recovery to gross negligence on the part of the agents and servants of defendant, but authorizing recovery for ordinary negligence of said agents and servants.  Railway v. Hill, 71 Texas, 451; Hendrick v. Walton, 69 Texas, 192; Railway v. Scott, 66 Texas, 565.

*Phelps & Lane* and *Foard, Thompson & Townsend,* for appellees.—1. Negligence was a fact for the jury.  The testimony supports their finding. Railway v. Murphy, 46 Texas, 356; Railway v. Le Gierse, 51 Texas, 189; Petty v. Railway, 28 Am. and Eng. Ry. Cases, pp. 623, 580, 514, 340, 397.

2.  Testimony competent to rate of speed elsewhere.  Railway v. Gray, 65 Texas, 32.

3.  Speed of train dangerous and evidence of negligence.  Galveston v. Morton, 58 Texas, 409; Merriweather v. Dixon, 28 Texas, 15; Bank v. Jones, 18 Texas, 811; Devine v. Martin, 15 Texas, 26; James v. Thompson, 14 Texas, 463.

As to allegation of speed.  5 Am. and Eng. Ry. Cases; p. 628; Railway v. Graves, 59 Texas, 330; Railway v. Lowry, 61 Texas, 149; Bell v. Railway, 72 Mo., 50; Railway v. Clark., Am. and Eng. Ry. Cases, p. 84.

4.  On negligence of husband affecting the wife in question of contributory negligence on her part.  Transfer Co. v. Belly, 36 Ohio St., ——; Chapman v. Railway, 19 N. Y., 341; 20 N. Y., 492; 36 N. Y., 225; 13 Am. Rep., 435; 28 Am. Rep., 558; 14 Minn., 81; Robinson v. Railway, 66 N. Y., 11; Albion v. Matunick, 90 Ind., 545; Railway v. Moore, 59 Texas, 64; McGary v. Loomis, 20 Am. Rep., 510; Railway v. Greenlee, 62 Texas, 344; Little v. Hatchett, 116 U. S., 66.

HOBBY, Judge.—This is the second appeal in this cause.  There seems to be no material difference between the facts of the case reported in the first appeal, 72 Texas, 643, and those contained in the record before us.

The suit was brought by appellees for damages resulting from the killing of their mother, Mrs. Annie Kutac, on February 14, 1885, in a collision between defendant's train and a wagon in which she was riding. It was alleged that it was caused by the gross negligence of the agents

and servants of the defendant in operating its train, running the same at a reckless and dangerous rate of speed, which it was alleged defendant authorized and directed to be done through different towns along and on its line of road, and through the town of Schulenburg, where the collision occurred, and in not giving any warning or signal of the approach of said engine at the crossing.

With respect to the character of negligence which would render appellant liable in this suit the court instructed the jury as follows:

"If you find from the evidence that Annie Kutac was killed as charged by plaintiffs in their petition, you will then consider whether or not, from the evidence, such killing was done or caused by the want of the exercise and use of ordinary care on the part of defendant's agents and employes in propelling and running its engine and the train over its road.

"If you find, etc., that Annie Kutac, while crossing the railway track of defendant in a wagon at a public crossing, was run over or so injured by the engine and train of defendant that she died from injuries then received, and that such death was caused by the want of the exercise of proper care and prudence on the part of said employes and agents, which could, if exercised by them, have prevented the injury complained of, and that by the use of ordinary care and watchfulness on the part of the person or persons so running said engine could have been prevented by them, then in such case you will find for plaintiffs, subject, however, to the further instructions here given you in this charge."

The jury were also instructed as to the statutory signals the defendant was required to make near or at a public crossing, and that if by reason of the failure to give these Mrs. Kutac was killed, plaintiffs would be entitled to recover.

The jury were charged as follows: "But you are further instructed that before the plaintiffs would be entitled under the law to recover any damages from defendant, you must find from the evidence before you that the said Annie Kutac could not, by the use of that ordinary care and prudence which everybody ordinarily exercises or should exercise to protect themselves from injury, have prevented the injury complained of by plaintiffs; for to entitle plaintiffs to recover you must find from the evidence not only that defendant failed to exercise ordinary care and prudence to prevent the injury, but also that the injury was not done the woman by any fault or want of proper care on her part, as every person is bound to take due care of himself, and when a person contributes to an injury to himself by his own act, or want of proper care and attention to his safety, no damage will lie for such injury. If, therefore, you find that Annie Kutac by a want of proper care and prudence contributed to her injury, then you will find for the defendant."

The foregoing instructions are complained of, under the fourth assignment, because they "authorize a recovery against the defendant for the

death of Mrs. Kutac caused by the ordinary negligence of the employes, agents, and servants of defendant, and fails to limit the right of recovery to gross negligence on the part of the agents and servants of defendant."

It will be proper in this connection to consider appellant's fifth assignment, which is that the court erred in refusing the following charges asked by it:

"The defendant is not chargeable with any act of ordinary negligence by or on the part of their employes or servants, causing the death of the deceased.

"To make them liable the act or omission alleged to have caused the death must have been willful or grossly negligent.

"Negligence can not be considered gross unless evidenced by an entire failure to exercise care, or by the exercise of so slight a degree of care as to justify the belief that the person on whom care was incumbent was indifferent to the interest and welfare of others."

There is no controversy as to the fact that the allegation of plaintiff and the proof showed that the injuries resulting in the death of Mrs. Kutac occurred in February, 1885.

We think the case of the Sabine & East Texas Railway Company v. Hanks, 73 Texas, 323, is decisive of the question raised by these assignments. In that case Associate Justice Gaines said, in delivering the opinion of the court: "The negligence shown by the evidence, if any, was that of the servants of the company operating its train. As the law then was [July 6, 1886] there could be no recovery against a railroad company for injuries resulting in death caused by the negligence of the mere servants of the company unless the negligence was gross. Rev. Stats., art. 2899, subdiv. 1." A similar doctrine was held in Railway v. Scott (not reported), Tyler Term, 1886, and also in Railway v. Hill, 71 Texas, 451.

The language of Judge Gaines above quoted is applicable to the case before us. The law of the Twentieth Legislature (Gen. Laws, p. 24), approved March 25, 1887, amendatory of article 2899, *supra*, provided, in effect, that the company should be liable for the negligence, etc., of the servants or agents, etc., and omitted the word "gross" before negligence, as it stood in the original article. For the reason given in Railway v. Hanks, *supra*, we think the charge was erroneous, as it authorized a recovery upon the ground of ordinary negligence when the law authorized it only upon the ground of gross negligence.

If the facts in this case had established gross negligence on the part of the employes and servants of the defendant at the time of the collision, then a reversal would be necessary, because there was nothing contained in the instructions given by the court from which the jury could have ascertained the meaning of that term or whether the facts constituted gross negligence. But as the law then in force only authorized a recovery on

proof of such negligence, the charge requested, or a similar one, we think, ought to have been given.

This dispenses with the necessity for a consideration and determination of the question raised by the first assignment—that is, whether the evidence showed that the servants of defendant were guilty of negligence or that the collision was the result of the reckless conduct of the driver of the wagon in which Mrs. Kutac was riding; because if, as we have seen under the authorities cited, there could be no recovery of damages for the death of Mrs. Kutac on the 14th day of February, 1885, caused by the ordinary negligence of the defendant's servants and agents in charge of the train, it would be immaterial, in so far as it affects appellees' right to recover on the one hand or appellant's liability on the other, whether that character of negligence was shown by the proof. Either could only be affected by proof of gross negligence. The result then in the case presented by the record, briefly stated, is, that if it be conceded that ordinary negligence was shown, no recovery could be had for that alone. If gross negligence was shown by the evidence, no charge was given on that subject to authorize a recovery; as gross negligence was not shown, the charge requested, or a similar one, should have been given.

We do not think there was any error in admitting evidence of the rate of speed at which the same train was run by the same servants operating it on the same day at the different places along the road alleged. It was admissible upon this issue, because it was one of the alleged grounds of gross negligence charged against defendant.

Appellant requested the following charge:

"If you believe from the testimony that Joseph Kutac, the husband of Annie Kutac, deceased, was in said wagon with his wife, and in a position to have by the use of reasonable or ordinary care prevented said collision or injury and death, and that he failed to do so, or use such care as a reasonable, prudent person would have used under the circumstances, and that such failure on his part contributed proximately to the death of said Annie Kutac, then she would be charged with said negligence if living, and the plaintiffs, therefore, would not be entitled to recover."

This was, we think, correctly refused.

The following was given by the court at the request of appellees:

"In passing upon the question of negligence of the parties in charge of defendant's train, you may consider the place at which the accident or injury occurred, its surroundings, the rate of speed at which said train was then being run, and whether or not the signals required by law to be given were given by the parties in charge of said train."

We think this was error, because the effect of it in our opinion was to give too much emphasis to the particular circumstances referred to. Medlin v. Wilkins, 60 Texas, 415.

Almost all of the witnesses who saw the collision, except Kutac and the

-driver, testify that the whistle was blown, and some of them that it was repeatedly blown, on approaching the crossing  The two referred to state merely that they did not hear it.  Under this state of the proof we do not think an instruction recognizing the fact that no signals were made should have been given.

For the errors mentioned, we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 11, 1890.