INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY
v. FREDERIKE KUEHN ET AL.

No. 1290.

**1.   Gross Negligence.**

Prior to the Act of March 25, 1887, omitting the word "gross" in describing negligence by the servants, etc., of a corporation negligently causing the death of another person, the liability of the corporation for the negligence of its servants or agents only arose when the negligence was gross. Railway v. Cowper, 57 Tex., 293; Railway v. Hill, 71 Tex., 451; Railway v. Hanks, 73 Tex., 323; Railway v. Brown, 75 Tex., 267; Railway v. Kutac, 76 Tex., 4ı3.

**2.   Practice—Erroneous Charge.**

Where a charge contains positive error, it is not necessary to ask a special charge covering such error. See example.

**3.   Charge—Issues.**

A charge should be confined to the issues made in the pleading, although the testimony extends to other issues. See example.

**4.   Charge—Gross Negligence a Fact for Jury.**

Gross negligence being a necessary fact to be proven by plaintiff under the statute existing at time of the injury, it was error for the court to charge upon the effect of a given fact as negligence.

**5.   Opinion—Non-expert.**

One not an expert is incompetent as a witness to prove the cause of a death attributed to an act committed long before the death.

APPEAL from Comal. Tried below before Hon. EUGENE ARCHER. This is the third appeal in this case. 70 Texas, 582, and 2 Texas Civ. App. 210. In these cases the facts are given, from which the following will be understood:

*Clarence H. Miller* and *Fisher & Townes,* for appellant.—1. The theory of the court's charge, and the necessary impression produced by it upon the minds of the jurors, was that defendant was liable to plaintiffs if the death of Kuehn was occasioned by the want of ordinary care on the part of defendant's servants, provided he was not guilty of contributory negligence, while defendant was in law liable only in the event the death was occasioned by the gross negligence of such servants.

The court erred in its charge in not distinguishing between negligence and gross negligence, and in making defendant liable for the negligence of its servants, while in law it was liable only for their gross negligence. The collision occurred in 1883. Rev. Stats., 1879, art. 2899; Railway v. Beeman, 74 Texas, 291; Cotton Press Co. v. Bradley, 52 Texas, 587; Railway v. Hill, 71 Texas, 451; Railway v. McDonald, 75 Texas, 45, 46; Railway v. Cowser, 57 Texas, 305, 306; Railway v. Shuford, 72 Texas, 165.

2. It is the right of a defendant, liable only when its employes have been grossly negligent, to have a correct charge on that issue, and it is positive, material error to instruct the jury to consider the question of its liability on the theory of the ordinary negligence of its employes. Railway v. Brown, 75 Texas, 267, 270; Railway v. Le Gierse, 51 Texas, 202; Railway v. Daniels, 1 Texas Civ. App., 695; Baker v. Ashe, 80 Texas,

356; Bailey v. Mills, 27 Texas, 438; Edwards v. Dickson, 66 Texas, 614-616.

3. The court erred in the second paragraph of its charge in charging the jury as to defendant's duty regarding brakes and a brakeman on the hindmost car of the train, because there were no pleadings or issues requiring such charge, nor any testimony on that point. Dupuy v. Barkett, 78 Texas, 338; Porter. v. Metcalf, 84 Texas, 468; Railway v. Kezziah, 22 S. W. Rep., 110; Wooters v. Kaufman, 73 Texas, 395; Rousal v. Stanger, 73 Texas, 670; Railway v. Platner, 73 Texas, 117; Tel. Co. v. Kendzora, 77 Texas, 257; Cox v. Harvey, 1 Posey's Un. Cas., 268; Bingham v. McDowell, 69 Texas, 100; Lee v. Yandell, 69 Texas, 34; Railway v. Kuehn, 70 Texas, 583; Railway v. Lilliphant, 70 Texas, 623.

4. The court erred in allowing Mrs. Nolte to testify, as appears from defendant's second bill of exceptions, that Kuehn's death was caused by the injuries received in the collision with defendant's engine, because the cause of his death was an issue in the case, and her statement on the subject was incompetent and the mere conclusion of a witness not qualified to express such an opinion. Haynie v. Baylor, 18 Texas, 509; Railway v. Reason, 61 Texas, 613; Railway v. Smith, 52 Texas, 178.

*John Ireland* and *W. R. Neal,* for appellees.

KEY, ASSOCIATE JUSTICE.—On the 27th day of February, 1883, Julius Kuehn, while crossing the track of appellant's railroad, at a public crossing near the town of New Braunfels, was injured by a passing train, and, on the 2d day of March, 1884, said Kuehn died. This is a suit by his surviving wife and children to recover damages from the railroad company, they alleging that Kuehn's injuries were caused by the negligence of the company and its employes, and that his death resulted from said injuries.

A verdict and judgment for $4000 were rendered against the defendant.

At the time in question the statute gave a cause of action when the. death of any person was caused by the negligence or carelessness of the proprietor, owner, charterer or hirer of any railroad, steamboat, stage coach, or other vehicle for the conveyance of goods or passengers, or by the unfitness, gross negligence or carelessness of their servants or agents. By act of March 25, 1887, the statute was amended, and the word "gross," preceding the word "negligence," was omitted. Sayles' Civ. Stat., art. 2899.

Construing this statute, it has been repeatedly held that the negligence of employes in operating a railway train is not the negligence of the railroad company, and that, prior to the adoption of the amendment referred to, the negligence of an employe, in the respect stated, constituted no cause of action against the company, unless such negligence was gross. Railway v. Cowser, 57 Texas, 293; Railway v. Hill, 71 Texas, 451; Railway v. Hanks, 73 Texas, 323; Railway v. Brown, 75 Texas, 267; Railway v. Kutac, 76 Texas, 473.

In submitting the case to the jury, the court below failed to observe this distinction, and charged, in effect, that if the death of Julius Kuehn was caused by the ordinary negligence of the employes operating the train, and said Kuehn was not guilty of contributory negligence, the plaintiffs should recover.　The assignments which complain of the charge in this respect must be sustained and the judgment reversed.　It is true that the case has been appealed twice before, but this question does not appear to have been raised in either of the former appeals, and we find nothing in the opinions then rendered that conflicts with the ruling we have just made.　It is also true that the defendant failed to ask a charge correcting the error referred to in the court's charge; but such failure did not deprive it of the right to complain of the charge given.　The error complained of was not a mere omission to charge on a given phase of the case; it was an erroneous statement of the law, and allowed the plaintiffs to recover without proving all the facts essential to a recovery. Such a charge contains positive error, because it misdirects the jury, and it is not necessary to ask a special charge curing such error.　Baker v. Ashe, 80 Texas, 356; Railway v. Welch, 86 Texas, 202.

The court should not have instructed the jury that it was appellant's duty to have a good and sufficient brake and a trusty and faithful brakeman on its trains.　No such issue was presented by either the pleadings or the testimony.

At the instance of the plaintiffs, the court charged the jury, "That if the defendant company had placed a sign-board up at or near the crossing where the accident occurred, with directions on it warning engineers not to exceed six miles an hour at that point, then Kuehn would be warranted in supposing that the approaching train would obey such instructions, and if the proof show that such instructions were not obeyed and the injury to Kuehn occurred in consequence of such disobedience, then the company would be liable, provided the deceased himself exercised all reasonable care and caution to discover the approach of the train before endeavoring to cross the track."　It will be observed that this charge authorized a recovery without requiring the jury to find that the disobedience referred to constituted negligence of any kind.　This was error.　Such disobedience would not render the defendant liable unless it constituted gross negligence; and whether or not it constituted such negligence was a question to be decided by the jury, and not the court.

We think the court's charge on the subject of contributory negligence was sufficient, except in the tenth paragraph, where the jury were, in effect, told that contributory negligence would not avail as a defense if the defendant's employes were guilty of gross negligence.　This doctrine has been repudiated in this State.　McDonald v. Railway, 86 Texas, 1.

Mrs. Nolte (formerly Mrs. Kuehn) should not have been permitted, over appellant's objection, to give her opinion as to what caused the death of her husband, Julius Kuehn.　He died suddenly, and over a year after he was injured by the train, and whether or not that injury caused his death was an issue before the jury.　Mrs. Nolte did not qualify as an

expert, and therefore she should not have been allowed to give her opinion. Haynie v. Baylor, 18 Texas, 509; Railway v. Reason, 61 Texas, 613; Railway v. Smith, 52 Texas, 178; 1 Buckler's Digest, 684.

The other rulings made on the admissibility of testimony and on charges requested by appellant are believed to be correct, and the assignments complaining of them will not be sustained.

There are some other questions, not likely to arise upon another trial, which we deem it unnecessary to decide.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 5, 1895.