## DALLAS CONSOLIDATED ELECTRIC STREET RAILWAY COMPANY v. R. L. CHAMBERS.

### Decided April 17, 1909.

**1.—Juries—Selection—Constitutional Law.**

The Act of the Thirtieth Legislature (Gen. Laws. 1907, p. 269) relating to the manner of selecting juries in cities having a certain population, is not in violation of the Constitution of this State.

**2.—Negligence—Question of Law or Fact, When.**

When a duty is prescribed by law, or when the facts are undisputed and such that only one conclusion can be drawn from them, then the question of negligence vel non, in the omission of such duty, is one of law and the court may peremptorily instruct the jury; otherwise, it is a question for the jury.

**3.—Same—Street Car Accident—Charge Condemned.**

In a suit for damages for personal injuries caused by collision with a street car upon the street of a city, charge considered, and held obnoxious to the objections that it trespassed upon the province of the jury in declaring certain acts and omissions of the defendant, negligence as matter of law, and in placing upon the defendant a greater burden than the law required.

**4.—Charge—Use of Abbreviation "etc".**

In a suit for damages for personal injuries, after naming certain elements of damage that the jury should considered in estimating the amount of the damages, the court added the abbreviation "etc." Held, error.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*W. H. Walne* and *Finley, Knight & Harris,* for appellant.

*Harry P. Lawther* and *Chas. M. Meng,* for appellee.—The charge of the court correctly stated the law. Art. 467, Chap. 4, Title XVII, Ordinances City of Dallas; Thompson on Negligence, Vol. 2: Secs. 1379, 1382, 1384, 1392, 1397; Dallas Rapid Transit Ry. v. Dunlap, S. W., 877; approved in St. L. S. W. Ry. Co. v. Morrow, 93 S. W., 163; Dallas Rapid Transit Ry. v. Eliot, 26 S. W., 455; approved in San Antonio Traction Co. v. Upson, 71 S. W., 509; Gulf, Colo. & S. F. Ry. v. Wagley, 40 S. W., 540; Texas & Pac. Ry. Co. v. Fuller, 36 S. W., 322; Dallas Consolidated Electric St. Ry. Co. v. Illo, 73 S. W., 1076; San Antonio Traction Co. v. Upson, 71 S. W., 565; Galveston City Ry. Co. v. Hewitt, 67 Texas. 473; Railway Co. v. Duelin, 86 Texas, 450; T. & P. Ry. Co., v. Fuller, 36 S. W., 319; Hays v. Gainesville St. Ry. Co., 70 Texas, 602; Hall v. Ogden City Ry. Co., 13 Utah, 243, s. c., 44 Pac., 1046; Kestner v. Pittsburg Car & Traction Co., 158 Penn., 422, s. c., 27 Atl., 104; Johnn v. Hudson R. Co., 20 N. Y., 65; Gilmore v. Federal St. & Pass. R. Co., 153 Penn. St., 31; s. c., 25 Atl., 651; San Antonio Elec. St. Ry. Co. v. Brock, 80 S. W., 425.

RAINEY, CHIEF JUSTICE.—This is a suit to recover damages for personal injuries, instituted by appellee against the appellant. The petition alleged in substance that appellee was riding across the street at the intersection of Live Oak and Hawkins Streets, when a car operated by appellant along Live Oak Street was negligently caused to collide with him which resulted in his being injured. Appellant answered by general denial and contributory negligence. A trial resulted in a verdict and judgment for appellee.

The first assignment of error complains of the court for not quashing the jury panel, the contention being that the law enacted by the Thirtieth Legislature, chapter 131, page 269, under which the jury were drawn, is unconstitutional. In the case of Northern Texas Traction Co. v. Danforth, 116 S. W., 147, we passed upon this precise question and there held the said Act of the Legislature was not unconstitutional, and a writ of error was refused by the Supreme Court, therefore said assignment is not well taken.

Complaint is made of the following paragraph of the court's charge: "You are instructed that while a street railroad company has the right to run its cars on a public street, yet the public have also the right to travel thereon, and at street crossings the rights of both to cross are equal, and that the duty is imposed upon both to exercise such care and precaution to avoid accidents as a reasonable prudence would suggest. The degree of care required by the law of a street railroad company is proportioned to the danger attendant upon its operation at the time and place in question and increases with the increase of the danger, and in the case of a motorman upon an electric car traversing the streets of a city the law requires such watchful care as will prevent accidents or injuries to persons who without negligence on their part may not be able to get out of the way of the passing car. In this case it was the duty of the motorman to keep a vigilant watch for all vehicles and persons, either on the track or moving towards it, and upon the first appearance of danger to stop the car in the shortest

time and space possible, and to have such control over the speed of his car as would enable him to so stop said car. It was the motorman's duty to give warning of the approach of the car to Hawkins Street by ringing the gong on the car. It was the duty of the defendant company to have said car provided with a signal light of sufficient power to give timely notice of the car's approach to Hawkins Street, and the motorman should not have been running his car at a greater rate of speed than would have enabled him to have stopped said car within the distance covered by the light thrown forward by his own headlight. The failure on the part of the defendant company or its motorman to perform any or all of the duties above named, if you find from the evidence that there was such failure, was negligence as said term is used in this charge with reference to the defendant street car company."

Where a duty is prescribed by statute and there is a failure to perform such duty, or "when the facts are undisputed and such that only one conclusion can be drawn from them, then the question is one of law," and it is not error for the court to so instruct the jury, but where the act done or omitted is not prescribed by statute or the facts not "conclusive," then it is for the jury to say whether it is negligence or not. (Railway Co. v. Murphy, 46 Texas, 357; Railway Co. v. Hill, 71 Texas, 451.)

The charge violates the principles announced in some particulars. After instructing the jury as to the duty prescribed by the city ordinance to keep a vigilant watch and to stop the car as soon as possible upon the appearance of danger, it adds, "and to have such control over the speed of his car as would enable him to so stop said car." This last sentence is not contained in the ordinance. It might be argued that the car could not be stopped as soon as possible unless he had control of the speed of his car, but it was a question for the jury to determine whether or not he had such control and, if not, whether such failure was negligence.

The charge further instructs the jury that "it was the duty of the defendant company to have said car provided with a signal light of sufficient power to give timely notice of the car's approach to Hawkins Street, and the motormen should not have been running his car at a greater rate of speed than would have enabled him to have stopped said car within the distance covered by the light thrown forward by his own headlight." The city ordinance requires a signal light for cars after sunset, but it does not prescribe the power or strength thereof as to the distance the light shall be thrown. Nor does it prescribe within what distance the car must be stopped. It was therefore a question for the jury to determine whether or not it was negligence in the motorman, if the car was not stopped in the given distance.

The charge told the jury that the law requires of the motorman such watchful care as will prevent accident or injuries to persons who, without negligence on their part, may not be able to get out of the way of the passing car. This charge makes the street car company insurers against accident. The ordinance requires vigilant care of motormen to prevent accident, but not *such care as will* absolutely prevent it. This is a greater burden placed on the company than

the law imposes.    The care imposed by law is ordinary care, that is, such care as persons of ordinary prudence would use under similar circumstances.  "Ordinary care will require the exercise of a very great degree of vigilance under some circumstances, and the amount of vigilance and caution to be used will vary according to the situation of the parties and the surrounding circumstances.    But the standard by which the acts are to be judged does not change.    It remains the same."  For a full discussion of this principle, see Railway Co. v. Smith, 87 Texas, 348.

In said paragraph all the acts therein specified are denominated negligence by the court.  In so far as the acts therein named were not made negligence by the statute or ordinance, the charge was erroneous, and as to these it should have been left to the jury.

The court charged the jury if they found for plaintiff to assess damages for "loss of time, any sum of money paid out or debts incurred by him for the services of physicians, for medicine, etc." The use of the abbreviation "etc." in a charge is not to be commended.    Doubt often arises by its use to determine what other things it includes.    The court should specify what things he means and not leave the jury to speculate as to the other things he has reference to.

For the errors in the charge pointed out the judgment is reversed and cause remanded.

*Reversed and remanded.*