[No. 4383.]

## WILLIAM GOLDSTEIN v. MARIA L. BLACK ET AL.

TESTIMONY OF EXPERT AS TO GENUINENESS OF HANDWRITING. —In order to render one a competent witness, as an expert, to the genuineness of a signature, he must have been educated in the business about which he testifies, or he must have acquired actual skill and knowledge upon the subject. It is not enough that he has sometimes compared signatures of other persons when disagreements as to their genuineness had risen in the course of business.

APPEAL from the Probate Court, Marin County,

M. T. Pacheco departed this life, in Marin County, on the 25th day of December, 1873, aged twenty years. William Goldstein, on the 2d day of February, 1874, petitioned the Probate Court to admit to probate the following will:

"In case of my death, it is my will and desire that my dear friend, William Goldstein, to whom I am engaged and about to marry, shall have all the property, both real and personal, of which I shall die seized, and make such disposition of the same as he may deem proper; and I hereby nominate and appoint said William Goldstein as executor of this, my last will, without bonds.

"Witness my hand this 13th day of November, A. D. 1873.

"M. T. PACHECO.

"Witnesses:

"AARON N. LEVY, residence 225 Third street.

" S. LOWE, residence 128 Kearny street."

The deceased left a mother and several brothers and sisters. Maria L. Black, the mother, and the brothers and sisters, who were the heirs at law, contested the application to admit the proposed will to probate on the ground that it was a forgery. The court found that the deceased did not sign the will, and refused to admit it to probate. The proponent appealed. The witness Crockett testified that he had been a clerk in the clerk's office in the United States District Court between three and four years, and that he had done a good deal of copying and tracing of handwriting, figures, and signatures, since 1870.

The other facts are stated in the opinion.

*C. T. Botts*, for the Appellant.

There has been a great difference of opinion amongst jurists, both of the civil and common law, as to the policy of permitting a jury to listen to the opinions of so-called experts, whose only knowledge of the handwriting is derived from a comparison between established signatures with the one in question. Until the 18th Victoria it was uniformly rejected in England, except in the case of very ancient

writings, and then only when death and lapse of time had rendered any better testimony unattainable. That it is the lowest and generally the most unsatisfactory of human testimony, to be resorted to only in the absence of any other proof, is the established doctrine of all the courts by whom it has been admitted. (See *Bowman* v. *Plunkett*, 2 McCord, 250.)

In Vermont, where evidence by comparison is admitted generally, it is never allowed to contradict the testimony of a subscribing witness. (*Pearl* v. *Allen*, 1 Tyler, 4.) So in England. (*Young* v. *Brown*, 1 Hagg. 570.)

The court erred in admitting the testimony of Robert Crockett.

*Quint & Edgerton and T. J. Bowers*, for the Respondent.

Section 1944 of the Code of Civil Procedure is in these words: "Evidence respecting the handwriting may also be given by a comparison, made by the witness or the jury, with writings admitted or treated as genuine by the party against whom the evidence is offered, or proved to be genuine to the satisfaction of the judge."

It was upon such a comparison with the alleged forged signature to the will, and the admitted and proved genuine signatures and writings of the deceased, that the witness Crockett was allowed to give his opinion in evidence as to the genuineness of the disputed signature.

The section does not require the witness to be an expert.

By the COURT:

On the trial of the cause the only question made was as to the genuineness of the signature of Maria Theodora Pacheco, deceased, to an instrument in writing purporting to be her last will and testament, and propounded for probate as such. Much evidence was adduced upon either side of the controversy, and among other witnesses called was Robert Crockett, who was sworn and examined for the contestants. He had no personal knowledge concerning the signing of the alleged will of decedent, nor had he ever seen

her write.  Certain exhibits containing genuine writings and signatures of the decedent were, however, shown him, and he was asked if, in his opinion, they were all written by the same hand.  The proponent objected to the question on the ground that the witness was not an expert.  The witness stated that he had never before been called upon to testify upon the question of the similarity or dissimilarity of handwritings; nor had he ever been employed in making such comparisons, though he had sometimes compared signatures of other persons when disagreements as to their genuineness had arisen in the course of business.  The court thereupon overruled the objection of the proponent, who reserved an exception to the ruling.  The witness then testified that, in his opinion, the signature of the decedent to the alleged will was not written by the same hand by which the other exhibits were written.  In this we think the court below committed an error.  The rule is that mere opportunity afforded for observation will not constitute one an expert, or render his mere opinion admissible as evidence; he must have been educated in the business about which he testifies; or it must be first shown that he has acquired actual skill and scientific knowledge upon the subject.

Order refusing to admit the will to probate and order denying proponent a new trial reversed, and cause remanded for a new trial.