### THE FORT WORTH & DENVER CITY RAILWAY COMPANY v. ROBERT THOMPSON.

#### No. 417.

1. **Evidence—Expert Witness.**—In order to testify as an expert, a witness must have special knowledge and skill in the particular calling to which the inquiry relates. One who is a lawyer by profession is not qualified as an expert to testify as to the rate of speed at which a particular train could be run with safety, by reason of the fact that while employed as a claim agent by a railway company he had casually acquired some knowledge of engines, and of their operation on the road.

2. **Evidence Not Material—General Condition of Railway Track.** Where the action is against a railway company for an injury caused by defect in its track, evidence that the company ordinarily keeps its track in good condition is not material.

3. **Evidence—Opinion of Witness as to Care.**—The question whether or not the defendant was ordinarily careful in building up low joints and keeping its track in good condition, is objectionable, as calling only for the opinion of the witness as to the exercise of ordinary care.

4. **Evidence—Safe Speed of Train.**—Where the suit is by an employe against the railway company for personal injuries sustained, and defendant pleads contributory negligence by plaintiff in running his train at too high a rate of speed, it is proper to acquaint the jury with the different conditions under which trains can be operated with greater or less rapidity by proof showing that fast mail trains on well ballasted roads can be run at sixty miles per hour.

5. **Evidence — Allegata and Probata.** —Under an allegation in plaintiff's petition, that on account of the injuries sustained he was confined to his

bed for about three months, and that by reason thereof he has been disabled and prevented from pursuing his occupation, evidence is admissible showing the length of time he had been out of employment.

6. **Charge of Court Without Evidence.**—Where the injury complained of resulted from a low joint in the railway track, an instruction that plaintiff, an employe of the railway company, assumed such risk if he knew or might have known by the exercise of ordinary care that low joints were common to railways generally, is properly refused in the absence of proof that such low joints are common.

7. **Charge of Court—Special Instruction Not Necessary.**—Where the court's charge has properly guarded the rights of the defendant on its plea of contributory negligence, an instruction requested by defendant repeating the law on that subject is properly refused.

8. **Charge of Court — Negligence. —** It is error to instruct that the fact of running a train at a greater speed than is permitted by the rules of the railway company, is of itself negligence; as this contravenes the rule forbidding the trial court to say, in the absence of statutory declaration, that any particular act or omission constitutes negligence.

APPEAL from Tarrant.    Tried below before Hon. R. E. BECKHAM.

*Stanley, Spoonts & Meek,* for appellant.—1. The court erred in not permitting the witness Ford to testify to the danger in running a train backwards.    Railway v. Pettis, 69 Texas, 689.

2. The court erred in not permitting the witness J. G. Williams to testify that defendant kept its tracks and road at all times in ordinary and reasonably safe condition.    Railway v. Pettis, 69 Texas, 689; Gates v. Railway, 2 Am. and Eng. Ry. Cases, 237; Railway v. Schertler, 2 Am. and Eng. Ry. Cases, 216; Railway v. Quaintance, 58 Ill., 389.

3. Appellant had a right to prove that it was ordinarily careful in building up its low joints and keeping its track in good condition, as tending to show that the accident was caused by a temporary defect, which ordinary prudence had not foreseen and could not foresee.    Railway v. Pettis, 69 Texas, 689; Bish. Non-Cont. Law, sec. 639; Railway v. Troesch, 68 Ills., 545; Railway v. Quaintance, 58 Ills., 389.

4. The court erred in permitting the witness Williams to testify that fast mail trains could safely run sixty miles an hour on well ballasted roads.    Railway v. Schertler, 2 Am. and Eng. Ry. Cases, 216; Gates v. Railway, 2 Am. and Eng. Ry. Cases, 237.

5. The court erred in not giving the fifth special instruction asked by defendant.    Railway v. Dillard, 70 Texas, 62; Railway v. Fowler, 56 Texas, 452; Watson v. Railway, 58 Texas, 434; Railway v. Hester, 64 Texas, 401.

*Ball & McCart,* for appellee.—1. The court did not err in refusing to permit the witness Ford to answer the question, because it called for his opinion, without having first shown by the evidence that he was, or ever

had been, in the railway business, or was an expert. Laws. on Exp. and Op. Ev., 10, 195; Goldstein v. Black, 50 Cal., 462.

2. The admission of the testimony of plaintiff as to the length of time he had been out of employment was proper under the pleadings. Thomp. on Car., 550, sec. 12; 2 Thomp. on Neg., 1256, sec. 44.

3. The fifth special charge should not have been given, because it was upon the weight of the evidence, and in effect withdrew from the jury the question of negligence, and made the fact of running at a greater rate of speed than that allowed by the rules negligence per se. Costley v. City Railway, 70 Texas, 112; Railway v. Lee, 70 Texas, 501; Railway v. Wilson, 60 Texas, 142; Railway v. Wright, 62 Texas, 515; Tucker v. Hamlin, 60 Texas, 171.

TARLTON, CHIEF JUSTICE.—The appellee, Robert Thompson, sustained the personal injuries on account of which he brought this suit while he was in the employ of appellant railway company as an engineer, and at a point on appellant's line of railway about three miles northwest of Henrietta, Clay County, Texas. He was at the time of the injury, on April 21, 1885, engaged in propelling backwards, with tender in front, the engine of which he was in charge, with two cabooses. It was derailed, and plaintiff was seriously scalded and bruised. The evidence justifies two conclusions which, in our opinion, the verdict of the jury imports, namely: (1) That the injuries were due to a low joint in the line of defendant's railway caused by the negligence of the company in failing to properly inspect and repair its track. (2) That the plaintiff was not guilty of contributory negligence, as charged by appellant, in running the engine at a dangerous and reckless speed.

Appellant first assigns as error the action of the court in excluding the evidence of the witness Ford, by whom it offered to prove that "an engine with tender in front and two cabooses, in the condition of this train, could not be run with safety with a greater rate of speed than from ten to fifteen miles per hour." This witness was a lawyer by profession, and had been engaged as a claim agent for the defendant company. While thus engaged he posted himself "thoroughly as to the construction of engines, watched them in the shops, questioned the engineers about them, and noticed the effects of the speed of a train." He was in the habit of "riding on the engines perhaps two-thirds of his time with the engineers and other railroad boys, and would fire for them and frequently run their engines." When asked as to his ability to testify regarding the comparative safety of running an engine backward, he answered: "I can only answer from my conversations with engineers and mechanics and the results I have seen from running at a high rate of speed."

We are not prepared to say that the trial court erred in declining to consider this witness as an expert with reference to the subject about

which he was called to testify. He does not appear to have been educated in this business, or to have any "special knowledge and skill in the particular calling to which the inquiry relates." Goldstein v. Black, 50 Cal., 462.

In its second assignment of error appellant complains, that the court erred in refusing to permit it to prove by the witness J. G. Williams, conductor of the train at the time of the injury, that " ordinarily the defendant keeps its track in good condition." This language, as we interpret it, imports that the company is in the *habit* of keeping its track in good condition. The court correctly held such evidence to be immaterial. Another portion of the bill of exceptions raising the assignment indicates that the purpose of appellant's counsel might have been to prove that the defendant exercised ordinary care " in building up low joints and in keeping its track in good condition." To this end the witness was asked to state " whether or not the defendant was ordinarily careful in building up low joints and in keeping its track in good condition ?" The answer to this question, in our opinion, could but have expressed the opinion of the witness as to the exercise of ordinary care by the defendant. The question of ordinary care vel non is one peculiarly of fact, to be determined by the jury, and not of opinion to be fixed by a witness. The general rule applies here, that " witnesses must testify to facts and not to opinions."

We do not think that appellant can reasonably complain of the action of the court in permitting the appellee to prove that " fast mail trains on well ballasted roads could run safely at the rate of sixty miles an hour." In an inquiry of this kind, involving as it did the rate of speed at which the train was running at the time of the accident, it was not improper that the jury should be made acquainted with all the different conditions under which a train could be operated with greater or less rapidity.

The court did not err in permitting plaintiff to testify as to the length of time he had been out of employment. There is no merit in appellant's proposition that such proof was without basis in plaintiff's pleading. The petition averred that on account of the injuries he was " confined to his bed for the space of about three months," and " that by reason thereof he has been disabled and prevented from pursuing his occupation."

Appellant complains of the refusal of the court to grant the following special instruction asked by it:

" If the jury should determine from the evidence that the cause of the wreck, if you should find that there was a wreck, was what the witnesses term a low joint, and if you further find that low joints are common to railroads generally, which fact was known, or could have been by plaintiff by the exercise of ordinary care, plaintiff will be held to have assumed any risk that may have arisen from said low joint, and can not recover."

This instruction was properly rejected. The injury complained of was

due to a derailment of the train.    If this derailment is to be ascribed to a low joint, there is no evidence that low joints of such a character "are common to railroads generally."    It is quite elementary that an instruction should be refused unless it rests upon evidence.    Besides, the instruction is subject to the criticism that it gives undue prominence to a special feature of the evidence as indicating contributory negligence.    Railway v. Shearer, 1 Texas Civ. App., 343.

Appellant in its fifth assignment of error complains of the rejection by the court of its following special instruction:

"It is the duty of a railway company to use ordinary care in the con-- struction and maintenance of its roadway, and to keep it in a reasonably safe condition for proper use.    It was the duty of plaintiff to conform to the reasonable and known rules and orders of the defendant regulating the rate of speed at which trains should be propelled over its roadway; and if you believe that defendant's roadway was in a reasonably safe condition, and that its trains with safety might have been propelled over its said railway at a reasonable rate of speed, not in excess of the rate prescribed by said company, and that plaintiff of his own accord propelled said train over said roadbed at a higher rate of speed than was required of him by said company, and that such increased rate of speed caused or contributed to the cause of the derailment of the engine or train by reason of which plaintiff may have sustained injury, you will find for defendant."

The instruction was properly refused:

First.    The charge of the court had sufficiently guarded the rights of the defendant on its plea of contributory negligence.    The court had instructed the jury, that "where a person enters into the service of a railway company he assumes all the risks ordinarily incident to the service in which he engages, and he can not recover for an injury received in such service unless the injury be caused by the negligence of the company, and without fault on his part contributing thereto."    Again : "Unless you believe that the alleged injury was caused by negligence on the part of the defendant's agents having charge and maintenance of its roadbed, without fault on the part of plaintiff contributing thereto, you should find for the defendant."    Again: "If the plaintiff's injuries were caused by his own negligence, and not by reason of a defective track, as alleged, or if you believe that the plaintiff, in running his engine over said track, himself failed to use that care which a person of ordinary prudence would have used with the knowledge possessed by him, and that such want of care on his part contributed to the alleged injury, you will find for the defendant."

Second.    The special instruction, in effect, included the proposition, that the fact of running at a greater speed than was permitted by the-

rules of the company was of itself negligence. This would have been in contravention of the rule forbidding the trial court to say, in the absence of statutory declaration, that any particular act or omission constitutes negligence. Railway v. Lee, 70 Texas, 501; Railway v. Roberts, ante, p. 111.

A careful inspection of the court's charge constrains us to dissent from appellant's very general assignment of error, that the charge does not "present the law applicable to the case, and does not present all the questions material to a correct determination of the case."

We are thus brought to consider the question of fact presented in the several concluding assignments and propositions of appellant, namely: Did the evidence justify the verdict? There is no controversy with reference to the extent and gravity of the injuries sustained by the appellee. We have scrutinized the very voluminous statement of facts, and concluded, as already indicated, that the derailment of the train, and the consequent injuries sustained by the appellee, are most reasonably to be ascribed to a low joint of unusual character in appellant's track; that this low joint might have been avoided or corrected by a proper inspection of the track, which appellant failed to give to it; and while there was a sharp conflict in the evidence with reference to the speed at which the appellee was operating the engine, there was sufficient testimony to warrant the finding by the jury that he was not guilty of contributory negligence.

The judgment is therefore affirmed.

*Affirmed.*

Delivered January 24, 1893.

A motion for rehearing in this case was overruled.