## San Antonio & Aransas Pass Railway Company v. Sam Connell.

### Decided December 18, 1901.

**1.—Negligence—Violation of Employer's Rule—Question for Jury.**

In an action of damages for negligent personal injury by an employe against a railway company, it is not error for the court to refuse to instruct that a violation by plaintiff of a rule of the company was negligence per se, and to submit it to the jury to determine whether or not such violation was negligence.

**2.—Same—Negligence Per Se—Rule Stated.**

In order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that it can be said without hesitation or doubt that no careful person would have committed it.

**3.—Damages—Remittitur.**

The trial court has authority to require a remittitur in cases where it deems the verdict for damages in a personal injury case to be excessive in amount.

**4.—Same—Excessive Verdict.**

A verdict for $18,000 for the loss of the use of a leg by a railroad engineer, earning from $135 to $150 per month, and 41 years old, is held excessive, and a remittitur of $2000 is required.

Appeal from Bexar.   Tried below before Hon. J. L. Camp.

*Houston Bros.* and *R. J. Boyle,* for appellant.

*Carter & Lewis,* for appellee.

FLY, Associate Justice.—Appellee instituted this suit to recover damages accruing by the negligence of appellant in failing to send a flagman from a certain train standing on the track at a water station at Buckner's creek, and warn appellee by signals so as to prevent the

collision between the engine on which appellee was engineer and the rear end of the standing train. The trial resulted in a verdict for $22,-000, of which $4000, in obedience to a requirement of the court, was remitted by appellee, and judgment was accordingly entered for $18,000.

We conclude that the jury was justified by the facts in finding that the injury occurred through the negligence of appellant's employes, in not properly warning the approaching train on which appellee was engineer, that another train was standing on the track, and that appellee was not guilty of contributory negligence. The facts are more fully set forth in connection with the consideration of assignments of error questioning their sufficiency.

The first, second, and third assignments complain of the charge of the court, because it permitted the jury to find whether a violation of rules was negligence, the contention being that the court should have instructed the jury that a failure to obey rules promulgated by the railroad company was negligence per se. The instructions complained of are as follows:

"(2) You are further charged that if you find from the testimony that the train which was standing at Buckner Creek sent out a flagman, and that such flagman signaled the train on which plaintiff was engineer in time for the plaintiff to have stopped the train on which he was engineer and prevented the collision, and that the plaintiff failed to discover such signal, if any, or failed to obey it, if he did discover it, and that such failure on the plaintiff's part was negligence, then the plaintiff can not recover.

"(3) You are further charged that if you find from the testimony that it was plaintiff's duty to approach the standpipe at Buckner Creek with his train under full control, and you further find that he failed to have his said train under full control in approaching said Buckner Creek, and that such failure was negligence, and that such negligence contributed to the collision, then the plaintiff can not recover and you must so find.

"(3½) You are further charged that if you find from the testimony that defendant company had, at the time and prior to the departure of plaintiff from Yoakum, a notice posted in the bulletin book in its office at Yoakum, or on the clip in the yard of said company at said place, directing all engine men to protect their trains at the Buckner Creek water tank or standpipe, and you further find that it was plaintiff's duty to examine said bulletin book and clip, before leaving with his train, and you further find that plaintiff failed to observe said notice so posted, if you find it was so posted, and that such failure, if any, was negligence, and that such negligence, if any, either caused or contributed to his injury, then plaintiff can not recover and you must so find. The burden of proof is upon plaintiff to establish his case by a preponderance of the testimony."

None of the cases cited by appellant sustains its contention, and we have not seen any case in which it was held that a court would be justi-

fied in telling a jury that the infraction of a rule formulated by the master was negligence per se in the servant, and on the other hand the converse of the proposition has been, time and again, held by the courts of Texas.

In the leading case of Railway v. Murphy, 46 Texas, 357, it is held that except in cases where the entire facts show negligence, or where a statute declares certain acts negligence, it is error for a court to instruct a jury that a given state of facts constitutes negligence. While not giving unqualified approval to all that was said in the Murphy opinion, it was said in Railway v. Hill, 71 Texas, 451: "We have been cited to no case where it had been held competent for the court to charge upon any combination of facts as constituting negligence, save when so declared by law."

In the case of Railway v. Gasscamp, 69 Texas, 545, it was said: "According to the rule in this court, in order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it." This has been reiterated in many cases. Railway v. Lee, 70 Texas, 496; Campbell v. Trimble, 75 Texas, 270; Railway v. Anderson, 76 Texas, 244; Calhoun v. Railway, 84 Texas, 226; Garteiser v. Railway, 2 Texas Civ. App., 230; Railway v. Long, 4 Texas Civ. App., 497.

Speaking of the identical proposition contended for in this case, it was said in Railway v. Thompson, 2 Texas Civil Appeals, 170: "This would have been in contravention of the rule forbidding the trial court to say, in the absence of statutory declaration, that any particular act or omission constitutes negligence."

In the case of Railway v. Sweeney, 36 Southwestern Reporter, 800, this court said: "It is also contended that the charge should not have left to the jury whether or not the violation of the rules by the engineer was negligence, and practically that the court should have instructed the jury that such an act was in itself negligence. * * * We can not give a rule the force of a statute in this respect. It would place it within the power of a master to make that negligence, which may not be negligence at all, by means of rules."

In the case of Railway v. Adams, 58 Southwestern Reporter, 831, the Supreme Court of Texas said: "The plaintiff in error presents, in different forms, the proposition that a servant who, in discharging his duties, disobeys the regulations of his master, is guilty of negligence per se, and if injured, and the act which violates such rules contributes to the injury, no recovery can be had. This rule would give to regulations of the master the force of statutory enactments. We do not understand the law to be consistent with that contention."

A violation of a rule of the master by the servant is a circumstance which, taken in connection with the other circumstances of the case, might, when the facts, taken together, lead irresistibly to the conclu-

sion that the servant had been injured through his own negligence, justify a court in taking the case from a jury, but the violation of a rule does not justify a court in instructing a jury that such violation is negligence per se. The rules of railway companies have never been put upon a parity with the laws of the State, and no court has ever so declared. We do not understand that such a proposition is countenanced in Railway v. Gormley, 91 Texas, 393, nor in Railway v. Brown, 63 Southwestern Reporter, 305.

We have discussed this question at length, not because it is an open one, but for the reason that it is so earnestly insisted, in the brief of appellant, that the court should have declared the infraction of a rule by an employe negligence in itself.

The facts disclosed that on the morning of April 22, 1900, about 5:45 o'clock, a freight train, upon which appellee was engineer, ran into the rear end of another freight train standing on the track at a place known as "Buckner Creek standpipe," and appellee in jumping from the engine, to save himself, had his leg broken below the knee, and the knee so injured that it is permanently stiff. The trainmen on the train in front failed to have a flagman out in the proper place to warn approaching trains that the train was standing on the track. Appellee swore that he had no notice that he had to run slow at Buckner Creek standpipe, not having seen any bulletin to that effect. The standpipe at Buckner Creek was a temporary one. Appellant introduced in evidence a rule to the effect that "regular freight trains and extra trains of all kinds must carefully approach and pass with train under full control water tanks and stations protected by yard limit boards. The responsibility for accidents at such points will rest with the following freight or extra trains." This rule was shown to contemplate regular and permanent water tanks, and not those temporarily established, but those are provided for by bulletins which appellee looked for in the customary place and did not find.

The findings of fact dispose of the fourth assignment of error.

The court had the authority to require the remittitur of $4000. Railway v. Johnson, 58 S. W. Rep., 624.

The facts established that one of the legs of appellant was injured so that it is, and perhaps will remain, practically useless, and he is doubtless in no better condition than if his leg had been amputated just above the knee. It may therefore be classed with those cases in which the injured person has lost a leg, and an investigation of such cases fails to disclose one in which a verdict for an amount as large as this has been sustained. In the case of Cooper, 2 Texas Civil Appeals, 43, the plaintiff lost a leg below the knee and the verdict was for $15,000. He was 46 years old and was earning from $1500 to $2000 yearly. In the Hines case, 50 Southwestern Reporter, 624, the verdict was for $18,000, and it was sustained by this court. He lost a leg below the knee and the remaining foot was permanently damaged. In the case of Railway v. Bernard, 57 Southwestern Reporter, 686, plaintiff had

lost a leg above the knee, and a remittitur was required, reducing the judgment to $16,000. Bernard was 24 years old and was earning on an average of about $90 a month. Appellee was 41 years old when injured, and was earning from $135 to $150 a month. The physical suffering seems to have been about the same.

In the light of precedents this court concludes that $16,000 will compensate appellee for his injuries, and if a remittitur of $2000 is entered in ten days the judgment will be affirmed, otherwise it will be reversed and the cause remanded.

*Affirmed upon remittitur.*

Writ of error refused.