## WOMACK et al. v. TRIPP.

### No. 2224.

Court of Civil Appeals of Texas. Waco.

Feb. 22, 1940.

J. C. Jacobs, of Corsicana, for appellants.

Lovett, Lovett & Ralston, of Corsicana, for appellee.

TIREY, Justice.

This is a suit by plaintiffs, appellants herein, as landlords, against defendant, appellee herein, as tenant, for damages resulting to plate glass windows caused by the pasting of ads on the windows with glue. The case was tried by a jury and upon its verdict, the court rendered judgment for defendant. Plaintiffs filed motion for judgment non obstante veredicto, and the failure of the court to grant same is assigned as error.

Plaintiffs based their right to recovery on two counts. Their first count alleged substantially that defendant was a holdover

of the premises under a written lease contract executed September 1, 1936; that said contract, among other things, bound the tenant to be responsible for any damage that occurred to the plumbing work, closets and water pipes due to the neglect of the lessee, natural wear and tear and damage by fire, defects in the construction and the elements only excepted; and to deliver up the premises in good order and condition at the end or expiration of this lease. The jury found that defendant did not execute said written lease and no error is assigned as to the insufficiency of the evidence on this issue. However, we think the evidence is sufficient to sustain the finding of the jury.

In the alternative, plaintiffs alleged that defendant was in possession of the property as a tenant; that he was under the legal duty to do nothing that would permanently injure or damage the building and that defendant did negligently apply to the plate glass windows of the building glue or cement containing acid or some other element that ate into and permanently impaired and damaged the windows.

Defendant interposed general denial, and specially answered that as a tenant he repeatedly and customarily pasted signs in the nature of advertising on the windows, advertising his merchandise to the public for sale; that he used glue or paste which was the custom of substantially all the merchants of the city of Corsicana; that shortly before he vacated the building he caused to be pasted on the window glasses of the store building various and sundry advertisements of the liquidation of his merchandise and that he used glue or cement that had been regularly carried in his stock of merchandise for a number of years; that he had no way of knowing and that he did not know that the glue would damage the glass, and had he known that it would damage or injure same, he would not have used it, and that in using the same he acted with ordinary prudence and care and did not wilfully or negligently cause the damage, if any, complained of.

The jury, in their answers to the special issues submitted to them, found that defendant was not negligent in applying the glue to the plate glass show windows. It further found that the damages to the windows because of the application of glue to the same was $156.75. The evidence is sufficient to sustain the verdict of the jury. There is no complaint to the charge of the court. This appeal is based upon two propositions:

"First: Where the evidence established conclusively, and it was admitted by defendant, that defendant had applied household glue to plate glass windows of plaintiffs' building, and that the use of such household glue had caused damage to such plate glass windows, the court should have entered judgment for plaintiffs, non obstante veredicto, for the damages fixed by the jury."

"Second: Where the evidence established conclusively, and it was uncontroverted by the evidence, that defendant, a tenant, applied household glue to the plate glass windows of plaintiffs' building, while gluing advertisements thereon, and that the household glue ate into such plate glass windows, causing the damage complained of, defendant is liable to plaintiffs for the natural consequences of his wilful act, and is guilty of negligence as a matter of law."

We have carefully considered the foregoing propositions and are of the opinion that each of them must be overruled. We think the rule applicable to the facts found by the jury in this case is stated in Corpus Juris, Vol. 36, p. 196, sec. 861, as follows: "Independently of express covenant, the law imposes upon the lessee an obligation to treat the premises so that no substantial injury be done thereto during his occupancy, and that the property be restored to the landlord at the end of the term unimpaired by the negligence of the tenant, but he is not liable for damages ensuing from a reasonable use." The foregoing doctrine has been followed by the Texas courts. See Arkansas Fuel Oil Co. v. Connellee, Tex.Civ.App., 39 S.W.2d 99, point p. 101. Plaintiffs sought to recover damages first on the ground that defendant was a holdover under the terms of a written lease that made him liable for the damages as a matter of law. The jury found that defendant did not execute the lease in question and therefore foreclosed the foregoing matter against plaintiffs. The court in its main charge defined "negligence", and the jury found that defendant was not guilty of negligence in the use of the building in question. Our courts have uniformly held that negligence is a question of fact as to what an ordinarily prudent person would do under the same or similar circumstances, and the court will not in such instances invade the province of the jury. We think the rule has been

correctly stated in 30 Tex.Jur., p. 652, sec. 8, as follows: "In order that an act shall be deemed negligence per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it. * * * In the absence of a law which in effect characterizes the actor's conduct as having been negligent, the issue as to whether he ought to have foreseen and prevented the calamity or was 'negligent' is one to be determined by the jury by reference to the facts." See San Antonio & A. P. Ry. Co. v. Connell, 27 Tex.Civ.App. 533, 66 S.W. 246, 247. The jury acquitted the defendant of negligence.

It follows that plaintiffs' propositions are therefore overruled and the judgment of the trial court is in all things affirmed.