**MINNESOTA MINING & MANUFAC-
TURING CO.**

v.

**TECHNICAL TAPE CORP. et al.**

**Civ. A. No. 52 C 1973.**

United States District Court
N. D. Illinois, E. D.

July 2, 1954.

George Haight, Mount Vernon, N. Y., for plaintiff.

Charles Thomas & Samuel W. Kipnis, Chicago, Ill., for defendant.

PERRY, District Judge.

This cause comes on upon the motion of plaintiff Minnesota Mining & Manufacturing Company, a Delaware corporation, for a preliminary injunction restraining the defendants Technical Tape Corporation, a New York corporation, Technical Tape of Illinois, Inc., Floyd R. Warner and B. Franklin Collins from

37. Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 340 U.S. 211, 71 S.Ct. 259, 95 L.Ed. 219; Nelson Radio & Supply Co. v. Motorola, Inc., supra.

infringing the certain patent in question in this cause and owned by the plaintiff.

The defendants have likewise presented a motion, which the Court is considering at the same time. The defendants' motion is to transfer this cause to the United States District Court of Southern New York or, in the alternative, to stay the proceedings in this cause pending the outcome of a suit in that court, hereinafter referred to more fully.

A brief history of the two suits seems appropriate before discussing the merits of the respective motions or reaching any conclusions regarding orders in this cause.

On November 17, 1951, one of the defendants herein, Technical Tape Corporation, a New York corporation, brought a suit in said New York court seeking a declaratory judgment against the plaintiff herein, Minnesota Mining & Manufacturing Company, declaring and decreeing a certain patent owned by Minnesota Mining & Manufacturing Company to be null and void. Minnesota Mining & Manufacturing Company disputed the jurisdiction of the New York court and eventually the United States Court of Appeals, 2 Cir., 200 F.2d 876, in that circuit ruled that the New York district court did have jurisdiction of the subject matter and the parties, and the cause has been remanded to the New York district court for trial. The cause has been placed on the trial call and is scheduled for hearing on the fall calendar.

On September 11, 1952, plaintiff herein (defendant in the New York case) filed suit in this court charging plaintiff in the New York case, Technical Tape Corporation, a New York corporation, and the three other defendants herein, Technical Tape of Illinois, Inc., Floyd R. Warner and B. Franklin Collins, with infringing the same patent in question in the New York court. Technical Tape of Illinois, Inc., Floyd R. Warner and B. Franklin Collins, all being residents of Illinois, filed their answers on November 26, 1952.

Defendant Technical Tape Corporation of New York entered a special and limited appearance and filed a motion to quash the service of process charging, among other things, that service was not made upon a proper agent. After briefs and argument this Court sustained the motion and quashed service of process. From that order an appeal was taken. The Court of Appeals, 7 Cir., 208 F.2d 159, held the order not appealable, and thereafter new service was obtained. Another motion to quash was made by defendant Technical Tape Corporation of New York. The motion charged service of process was made upon an improper person and, further, that this defendant had no agents in Illinois and had never done business in the state of Illinois within the meaning of the statute under which the plaintiff herein sought to bring the defendant Technical Tape Corporation of New York into this court. After briefs and extensive hearings and arguments and full consideration this court overruled the motion and ordered defendant Technical Tape Corporation of New York to file its answer. This order was entered on March 5, 1954.

Thereafter, on April 27, 1954, plaintiff filed its motion for a preliminary injunction against all of said defendants herein, and the same has been set for hearing on July 7, 1954. On June 2, 1954, all of the defendants joined in and filed their motion to transfer or, in the alternative, to stay the proceedings herein pending the outcome of the suit in the New York court. Supplementing their motion, defendants Technical Tape of Illinois, Inc., Floyd R. Warner and B. Franklin Collins have filed herein a stipulation binding themselves to abide the final judgment of the New York court wherein the other defendant, Technical Tape Corporation of New York, is the plaintiff and the plaintiff herein, Minnesota Mining & Manufacturing Company, is the defendant in the foregoing mentioned suit involving the same subject matter that is in controversy in this suit; namely a patent owned by the plaintiff herein.

■ Because of the fact that plaintiff herein and defendant Technical Tape Corporation of New York have been involved in a suit concerning the same subject matter that is in question in this suit at bar, a suit filed on November 17, 1951, almost ten months before September 11, 1952, the date on which the suit at bar was filed with the Clerk of this court, it would violate the rule of comity between courts for this court to proceed to hearing on the merits of the controversy between these two parties. The fact that the cause has been set on the trial calendar for hearing in the New York court imposes upon this court a duty to withhold any action whatsoever upon a subject matter and between parties where another court has acquired jurisdiction, especially where the same has been acquired so long prior to the filing of the second suit. Furthermore, the question of jurisdiction has become final in the New York court between the two parties concerned by virtue of an appeal, whereas the jurisdiction of this court over defendant Technical Tape Corporation of New York is still subject to review.

On August 14, 1953, at one of the numerous hearings before this court in the suit at bar, this court specifically called attention to its view of the comity of courts and its obligation to other courts and indicated that unless good cause was shown the cause would not be heard by this court because of the rule of comity between courts. This court at that time indicated its view to the effect that this cause was consuming time by bringing before this court a party and a subject matter that properly belong before the New York court. As a matter of fact the merits of the suit at bar between the plaintiff and the three Illinois residents could have been tried in less time than has been devoted to useless technical maneuvers concerning venue and jurisdiction, or over a race to the courts. The calendar of this court is and has been such that this suit could have been tried on the merits between the plaintiff and the Illinois defendants at any time since January 1953, and the condition of the court's calendar has been well known to all counsel in this judicial district.

However, that does not alter the fact that plaintiff is entitled to have a hearing upon its motion for a preliminary injunction. As this court views the matter, it should only grant an injunction, if one is warranted, to the plaintiff against those parties who are not party to the New York suit. In other words, it would be a violation of the rule of comity for this court in any way to interfere with the jurisdiction of the New York court. As the case now stands in New York, without a transfer of the cause or a counterclaim by the plaintiff in the suit there, the New York court would have no jurisdiction to grant such injunction. However, plaintiff has it within its power to file such cross complaint at any time, even without a transfer, and has had such right at all times since November 17, 1951.

As the record now stands, this court could only grant an injunction against the defendants who are Illinois residents, if such injunction is proper, but upon which this court does not express any opinion and would not without a full and complete hearing. An injunction against the Illinois residents would result in piecemeal litigation and could only bring confusion.

■ Section 1404(a) of Title 28 was designed to prevent duplicate trials of the same subject matter. Much point has been made of the limitation of this section to cases that could have been brought in the conflicting jurisdictions. It cannot be questioned but what the defendants Technical Tape of Illinois, Inc., Floyd R. Warner and B. Franklin Collins could have joined as plaintiffs in the New York suit and can still do so. Their stipulation to be bound by the judgment of that court and motion to transfer are equivalent to the same thing. It is what they should have done nearly two years ago. The ends of justice can be best served by these suits being tried by the same court. An examination of the record of testimony in this court will reveal the wisdom of one

and the same court hearing and determining the motions for a preliminary injunction against all the parties and the merits of the suits. The testimony reveals an intertwining interest between defendant Technical Tape Corporation of New York, Technical Tape of Illinois, Inc., Floyd R. Warner and B. Franklin Collins. The record clearly reveals that the convenience of the parties requires the transfer of the case to said New York court.

Inasmuch as the order of the court to transfer may not be an appealable order but may be reached by mandamus and in order that plaintiff may not be prejudiced if it is not in accord herewith, the court will provide a period of time before the clerk is directed to transfer the files herein to the United States District Court of Southern New York, but will provide that the order shall become immediately effective if the plaintiff shall file its consent thereto. The court will make this provision in order that the plaintiff may obtain an early determination of its motion for preliminary injunction before the New York court if it so elects.

An order in accordance with this opinion is simultaneously entered on this date.