Reuben T. CONNER, Appellant,

v.

William M. CHATMAN, Jr., et al., Appellees.

No. 12749.

Court of Civil Appeals of Texas.

Galveston.

Oct. 7, 1954.

Rehearing Denied Oct. 28, 1954.

George Red and K. D. Keenan, Houston, for appellant.

Blakeley & Williams and Carey Williams, Houston, for appellees.

HAMBLEN, Chief Justice.

This appeal is from an order of the County Court at Law of Harris County, sustaining a plea of privilege filed by the appellee, William M. Chatman, Jr., and transferring the cause of action against him to Galveston County, Texas. Appellant instituted the suit against appellee and against Ben Collette and Elton E. Wilhelm to recover damages alleged to have been sustained in an automobile collision which occurred on the 27th of December, 1953 on the Hempstead Highway, about 15 or 20 miles outside of Houston. Appellant alleged that at the time of the collision he was traveling toward the City of Houston when the automobile in front of him came to a stop. Appellant applied his brakes and came to a complete stop. "Instantaneously" thereafter his automobile was struck from the rear, forcing him into the automobile in front of him. His automobile then received a series of blows from the rear. Appellant alleged that the automobile which struck his automobile was driven by appellee, and that appellee's automobile was thereupon struck in the rear by automobiles driven by the other two named defendants, knocking appellee's automobile repeatedly into appellant's automobile, and causing the damages sued for. Appellant alleged that the collision, and resulting damages proximately resulted from the negligence of each of the defendants in four particulars, namely, in failing to keep a proper lookout, in failing to keep the vehicles under proper control, in failing to make timely application of the brakes, or in the alternative in failing to apply the brakes at all, and in following too closely in violation of Section 61(a) of Article 6701d, Vernon's Ann.Civ.St.

The plea of privilege filed by appellee Chatman was controverted by appellant by timely affidavit alleging that the suit was based upon negligence of the appellee oc-

curring in Harris County, which constitutes an exception to exclusive venue in the county of one's residence within the meaning of Section 9a, Article 1995, Vernon's Annotated Civil Statutes of Texas, and further that the suit is against three defendants, two of whom are residents of Harris County, which constitutes an additional exception within the meaning of Section 4, Article 1995.

Appellant presents two points of error, the first directed to the asserted error of the trial court in refusing to hold that appellant had established an exception to exclusive venue in the county of appellee's residence under the provisions of Section 9a, Article 1995, and the second, to the error of the trial court in refusing to hold that appellant had established an exception under the provisions of Section 4, Article 1995.

This Court is of the opinion that upon the record here presented, both points presented by appellant must be overruled.

Appellant's proof offered for the purpose of proving an exception to exclusive venue under Sec. 9a, Article 1995, was adduced from two witnesses. Appellant himself testified that he and his family were returning to Houston from a Christmas trip. That it was afternoon, the weather was bad, and the braking surface was bad; that traffic was very heavy and there were lots of quick stops. The automobile immediately preceding appellant's car came to a complete stop and appellant brought his car to a complete stop. Instantly thereafter his automobile received a series of blows from the rear, pushing it into the car in front of him. The witness, Marvin C. Horelica, testified that he was driving his automobile immediately to the rear of appellant, and about fifty feet from him. When appellant slowed down, Horelica likewise started to slow down. While doing so, he looked in his rear view mirror, and saw that the cars following him were not going to be able to stop. That thereupon appellee's automobile struck the rear of his (Horelica's) automobile, he then going into the ditch, and then appellee's automobile struck the rear of appellant's automobile, which had

come to a complete stop. Horelica corroborated appellant concerning the condition of the highway and the visibility and traffic. He stated that he had been following appellant for some distance, and that appellee had been following him for some distance, at a speed of from 30 to 40 miles per hour. That the last time he saw appellee's automobile in his rear view mirror was immediately before the collision, after he had started slowing down, at which time appellee was about 20 feet behind him.

■ Standing alone, appellant's testimony proves only that an accident happened, which the Commission of Appeals, speaking through Judge Smedley, under an almost identical state of facts has held is not evidence of negligence in cases where, as here, specific acts of negligence are alleged by the plaintiff. Rankin v. Nash-Texas Co., Tex.Com.App., 105 S.W. 2d 195 (opinion adopted by the Supreme Court).

■ The testimony of the witness Horelica undoubtedly raised an issue of negligence. However, we are unable to say that the proof offered, although uncontradicted and undisputed, conclusively proves negligence as a matter of law, and that there is no support for the contrary findings of the trial court which must be presumed in favor of the judgment rendered.

In Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, the Commission of Appeals, in an opinion which was adopted by the Supreme Court, and again speaking through Judge Smedley, held that on the hearing of a plea of privilege the issue made is tried in the ordinary way, and the truth, as to the fact or facts in issue, is ascertained by the introduction and weighing of evidence offered by both parties, and that on appeal from a judgment sustaining or overruling a plea of privilege, the power of the Court of Civil Appeals in reviewing the fact findings made by the trial court is the same as it is in any other appealed case.

Prior to its amendment effective 90 days after May 27, 1953, Section 9 of Article 1995 provided that a suit based upon a

crime, offense or trespass may be brought in the county where such crime, offense or trespass was committed. This Court has examined the cases cited by the litigants wherein Section 9 was involved. In several of the cases examined, judgments of trial courts sustaining a plea of privilege have been reversed by Courts of Civil Appeals. However, in each of the cases examined, the court was not confronted with the question of whether negligence had been proven as a matter of law, but rather with the question of whether the negligence proven was active negligence and therefore a trespass within the meaning of Section 9, before its amendment, or was, on the contrary, merely passive negligence, and therefore not a trespass. By the amendment to Section 9 above mentioned, and by the passage of Section 9a, which is here involved, that determination has been rendered unnecessary, for the reason that it is now required only that the suit be based upon negligence per se, negligence at common law, or any form of negligence, active or passive.

■ Save and except only the case of the violation of a statutory duty, which was not here proven, we have been unable to find any case holding that any particular act or omission constitutes negligence as a matter of law. The Supreme Court of Texas, in the early case of Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227, 228, states the rule as follows: "According to the rule in this court, in order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it." In Texas & Pacific Railway Co. v. Hill, 71 Tex. 451, 9 S.W. 351, 353, the Supreme Court uses the following language: "We have been cited to no case where it has been held competent for the court to charge upon any particular combination of facts as constituting negligence, save when so declared by law. Courts have insisted upon the right in plain cases to exercise such prerogative, but it has been

a barren right, and no exercise of it is know to us by our courts." Similar expressions may be found in numerous decisions by Texas courts. Ft. Worth & D. C. Ry. Co. v. Thompson, 2 Tex.Civ.App. 170, 21 S.W. 137; Texas & P. Railway Co. v. Murphy, 46 Tex. 356, 26 Am.Rep. 272; San Antonio & A. P. Ry. Co. v. Connell, 27 Tex.Civ.App. 533, 66 S.W. 246.

■ While, as stated, appellant raised issues of negligence, the proof falls short of meeting the requirements of the rule as above stated, which alone would enable this Court to hold appellee negligent as a matter of law. The issues raised have been determined adversely to appellant by the trial court, and such determination is binding on this Court.

■ Appellant's second point is overruled for the reason that appellant's proof fails to establish that one or more of the defendants sued was a resident of Harris County. The only proof offered by appellant upon this issue was testimony by appellant and by third persons of statements made by the other two defendants to the effect that they were residents of Harris County. This testimony was objected to by appellee on the ground that it was hearsay, and was, we feel, properly excluded by the trial court. The statements of the other defendants, concerning which the excluded testimony was offered, were made out of the presence of the appellee, and therefore hearsay. Appellant contends that even though it be hearsay, it was admissible to prove the intent on the part of the other defendants within the rule as stated in McCormick & Ray, Texas Law of Evidence, Sec. 405. However, according to the authority relied upon by appellant, the domicile of a person is that place in which his habitation is fixed, without any present intention of removing therefrom. Until proof is made of a person's place of habitation, his intent with respect thereto is probative of nothing. The record contains no competent evidence as to the place of habitation of either of the other defendants sued by appellee.

The judgment is, accordingly, affirmed.