S. CAPRITO

v.

UNITED STATES of America.

No. 14969.

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1954.

Rehearing Denied Feb. 2, 1955.

L. D. Hawkins, Breckenridge, Tex., T. H. Neel, Monahans, Tex., Hawkins & Dean, Breckenridge, Tex., for appellant, S. Caprito.

Edmund B. Clark, Atty., Dept. of Justice, Washington, D. C., Perry W. Mor-

ton, Asst. Atty. Gen., Roger P. Marquis, Attorney, Washington, D. C., Charles F. Herring, U. S. Atty., Austin, Tex., for appellee.

Before HOLMES and TUTTLE, Circuit Judges, and ALLRED, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment holding that appellant's claims for damages were *res judicata*. In 1943, the United States brought two suits condemning for use as an airfield and gunnery range a leasehold interest in 4,160 acres of land in Ward County, Texas, owned by the appellant. The estate sought to be condemned was a leasehold interest extending to June 30, 1944, together with the right to extend the lease for yearly periods during the existence of the national emergency. Thereafter the United States filed declarations of taking and deposited $1,737.76 as the estimated just compensation for the period ending June 30, 1945.

On January 24, 1945, the appellant entered into a stipulation with the appellee whereby he agreed to receive $2,000 in full and complete satisfaction of the lease rental and as just compensation for the taking of said leasehold interest, for the original and extended terms ending June 30, 1945. The stipulation further provided that, if there were further extensions, the compensation for such additional periods should be $945 per annum. Thereafter the term was extended to June 30, 1946. On May 8, 1946, the district court entered judgments in accordance with the stipulations. The judgments provided that they should constitute a full and complete satisfaction of any and all claims of the defendant S. Caprito for the term ending June 30, 1945, and that he should be paid the sum of $945 per annum for any extensions of the term taken. Appellant has received the stipulated sums for the period up to June 30, 1946. The term was not extended beyond that date, but the Unit-

ed States apparently remained in possession for six months afterwards.

Commencing in October, 1947, the appellant filed a series of petitions in the condemnation proceedings, claiming that waste was committed by the appellee, and seeking damages therefor. In addition, in said proceedings, similar damages were claimed for certain land not included in the condemnation proceedings. As these petitions were finally amended, appellant sought $54,430 as rent and damages for the waste allegedly committed. The appellee moved to dismiss appellant's pleadings on the ground that he was precluded by the stipulations and that the judgments of May 8, 1946, were *res judicata.* The court overruled the motions and consolidated the cases for trial. Pursuant to Rule 71A(h) of the Federal Rules of Civil Procedure, 28 U.S. C.A., the court appointed three commissioners to make awards in the consolidated cases. At the hearing, the commissioners would not permit the appellant to introduce evidence of damage occurring prior to May 8, 1946, the date of the judgments. The commissioners also refused to hear evidence of damage to lands not included in the condemnation proceedings. They awarded appellant $945, one year's rent for the six-months hold-over period. They held that all claims of the appellant were barred by the said judgments. On December 30, 1953, the court below sustained the appellee's pleas of res judicata, confirmed the commissioners' award, and entered judgment accordingly. This is the judgment from which the appeal was taken.

▪ The question presented is whether the judgments were res judicata as to all of appellant's claims. We think that they were as to any claims for damages to the land within the scope of the condemnation proceedings, but that the appellant may be entitled to recover damages for waste to his land in a new and independent suit, which question we do not decide in this consolidated condemnation proceeding. The stipulation expressly stated that the money received was to be in full and complete satisfaction and as just compensation for the taking of the leasehold estate. The language, used in the stipulation and the judgments, embraced all claims to compensation because of prior legal and proper use of the lands by the United States. Appellant does not suggest that there was any fraud or mistake such as would justify a vacation of the judgments and a rewriting of the stipulations so as to embrace less than full and complete satisfaction for the contemplated use of the land. We think that the district court correctly held that appellant's claims for damages arising out of such use prior to the entry of the judgments of May 8, 1946, were precluded by the same; but we agree with the appellant that the judgments of May 8, 1946, do not bar recovery for damages to land not included in the condemnation proceedings. The appellant is not foreclosed by res judicata from asserting his claims for waste by an appropriate action in a proper forum.

▪ The judgments of May, 8, 1946, and the stipulations filed on that date, had relation only to the nature of the estate taken, the duration of the tenancy and the amount of rental to be paid by the United States. They are not res judicata of the claims of appellant for damages for waste which was not contemplated by the pleadings or judgments in the consolidated condemnation proceedings.

▪ Waste is a destruction or material deterioration of the freehold, or of the improvements thereon, by any person rightfully in possession of property but who has not the fee simple title thereto. When committed by a tenant, such destruction or deterioration, unless authorized by the lease, gives rise to a cause of action by the landlord. Womack v. Tripp, Tex.Civ.App., 137 S.W.2d 180; 51 C.J.S., Landlord and Tenant, § 261, pp. 902–903. We find no such authorization in the stipulation or judgments in this case, and a judgment must be interpreted in the light of the pleadings; but

these claims of appellant were filed in a consolidated condemnation case after the entry of the judgments therein. The matter was treated by the court as a part of the condemnation proceeding; commissioners were appointed; and additional rental was awarded appellant for the term ending June 30, 1946. We do not deem it proper for us to disturb the judgments appealed from with respect to such allowances for rental, but in so far as said judgments or the report of the commissioners denied appellant any recovery for waste during the term of the lease, and for claims arising after May 8, 1946, the same are reversed, set aside, and held for naught. In all other respects the judgments appealed from are affirmed without prejudice to the right of appellant to bring an independent action for damages for waste committed upon the demised premises or for injury to other land owned by him. The judgments appealed from are modified accordingly and, as modified, are affirmed.

Affirmed.