313 F.2d 306
 MINNESOTA MINING & MANUFACTURING COMPANY, Plaintiff-Appellee,
v.
TECHNICAL TAPE CORPORATION, a corporation of the State of New York, Technical Tape of Illinois, Inc., a corporation of the State of Illinois, Floyd R. Warner, and B. Franklin Collins, Defendants-Appellants.
 No. 13910.
 United States Court of Appeals Seventh Circuit.
 February 14, 1963.
 
 Samuel W. Kipnis, Abbey Blattberg, Chicago, Ill., for appellants.
 Edward A. Haight, John W. Hofeldt, Chicago, Ill., Harold J. Kinney, St. Paul, Minn., Britton A. Davis, Chicago, Ill., for appellee. Carpenter, Abbott, Coulter & Kinney, St. Paul, Minn., Haight, Simmons, Hofeldt & Marshall, Chicago, Ill., of counsel.
 Before SCHNACKENBERG, CASTLE and SWYGERT, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 Minnesota Mining and Manufacturing Company, plaintiff-appellee,[1] owner of Drew Patent No. 2,177,627 on pressure-sensitive cellophane tape, brought suit in the District Court charging the defendants-appellants with joint infringement of the patent. The defendants-appellants are Technical Tape Corporation, a New York corporation; Technical Tape of Illinois, Inc., an Illinois corporation; Floyd R. Warner; and B. Franklin Collins.
 
 
 2
 Prior thereto Technical Tape Corporation had instituted a declaratory judgment action in the United States District Court for the Southern District of New York, against the plaintiff, seeking a judgment of invalidity and non-infringement of the Drew patent.[2] A joint motion of the defendants for the transfer of the instant action to the New York district court was granted. (123 F.Supp. 497.)[3] Plaintiff, whose motion for a preliminary injunction had been denied by the District Court, filed a petition for a writ of mandamus in this Court challenging the District Court's action in ordering a transfer of the cause to the New York district court.[4] Prior to the time the petition for a writ of mandamus was disposed of, the plaintiff had filed a counterclaim in the New York action in which it sought damages for infringement.
 
 
 3
 On January 29, 1955, Chief Judge Duffy of this Court entered an order dismissing the petition for writ of mandamus pursuant to a stipulation reciting that the parties to the District Court action had agreed that the final judgment in the New York action "as to the validity, infringement and enforceability of the patent * * * shall bind all the parties".
 
 
 4
 On January 31, 1955, an order was entered in the District Court pursuant to agreement and consent of the parties. It provides:
 
 
 5
 "Upon agreement of the parties, the Court being advised in the premises, It Is Hereby Ordered:
 
 
 6
 That the judgment (or if there be an appeal, judgment on mandate) of the United States District Court for the Southern District of New York in the suit entitled Technical Tape Corporation v. Minnesota Mining & Manufacturing Company, Civil Action No. 71-129, as to the validity, infringement, and enforceability of the patent here and there in suit shall bind all the parties hereto and their privies; that plaintiff's motion for preliminary injunction filed herein on April 26, 1954 may be and is hereby withdrawn; and that all proceedings herein, including transfer to the United States District Court for the Southern District of New York are hereby stayed until the further order of this Court". (Emphasis supplied.)
 
 
 7
 Subsequently, the New York district court entered judgment in favor of the plaintiff on its counterclaim in the New York action, holding the Drew patent to be valid, that Technical Tape Corporation was guilty of infringement, and that the patent is enforceable by the plaintiff. (143 F.Supp. 429.) The judgment was affirmed on appeal. Technical Tape Corporation v. Minnesota Mining & Manufacturing Co., 2 Cir., 247 F.2d 343. The cause has been referred to a Master to determine the amount of plaintiff's damages.
 
 
 8
 On June 27, 1962, the District Court entered the judgment for the plaintiff from which the defendants prosecute this appeal. The judgment was entered on the motion of the plaintiff. It recites the pertinent portion of the court's previous order of January 31, 1955, and that it is ordered and adjudged, inter alia,:
 
 
 9
 "6. Plaintiff is entitled to recover all of such damages for said acts of infringement, as permitted by Section 284 of Title 35 U.S.C., which damages are not otherwise or for any reason recovered by plaintiff in the accounting presently pending before a Special Master in said Civil Action No. 71-129. In no event shall plaintiff be entitled to a double recovery for the same said acts of infringement. This Court retains jurisdiction over this matter, pending a final determination of said Civil Action No. 71-129, for the purpose of determining whether plaintiff has had full recovery and execution as to all of the damages in said action to which it is entitled by reason of this judgment, and to order an accounting of, and execution on, such additional damages as this Court may deem proper.
 
 
 10
 "7. This Court also retains jurisdiction of this matter, pending a final determination of said Civil Action 71-129, for the purpose of determining whether plaintiff is entitled to taxable costs hereinbefore or hereinafter incurred in this suit, and to assess and award such costs as this Court may deem proper".
 
 
 11
 The main contentions urged by the defendants on appeal are, in substance, that the District Court erred in entering the judgment because (1) defendants Warner and Collins were employees or agents under the control of their corporate employers and thus not liable for money damages for infringement; (2) no evidence of infringement was introduced in the District Court; and (3) a second judgment should not have been entered against Technical Tape Corporation.
 
 
 12
 We perceive no merit in any of the contentions made by the defendants. The District Court's judgment order was entered pursuant to the express agreement of each of the defendants, as a party to the action in which it was filed, to be bound by the judgment of the New York district court. In the stipulation we have hereinbefore set forth each of the defendants agreed and consented to be bound by the New York judgment "as to the validity, infringement, and enforceability of the patent". Each did so without reservation. And, the stipulation, and the orders favorable to the defendants based thereon, were the culmination of prior offers originating with the defendants to be bound by the final judgment in the New York suit. On the facts and circumstances of the record before us we find no basis for a conclusion that the stipulation is to be interpreted as binding the Illinois corporation and the individual defendants only to a determination by the New York district court with respect to whether the patent is valid, whether the New York corporation (Technical Tape Corporation) had infringed the patent, and whether as to such New York corporation the patent was enforceable. Defendants, by their express agreement foreclosed themselves from contesting the allegations of joint infringement and resulting individual liability as they now seek to do.
 
 
 13
 The situation here is analogous to that presented by a consent decree. In such a case, O'Cedar Corporation v. F. W. Woolworth Co., 7 Cir., 66 F.2d 363, 366, this Court stated:
 
 
 14
 "Generally speaking, it may be said that as between parties sui juris and in the absence of fraud, a decree of a court having jurisdiction of the subject matter rendered by consent of the parties, though without any ascertainment by the court of the truth of the facts averred, is as binding and conclusive between the parties and their privies as if the suit had been an adversary one."
 
 
 15
 The rule to be applied here is akin to that set forth in Hot Springs Coal Co. v. Miller, 10 Cir., 107 F.2d 677, 681, as follows:
 
 
 16
 "Any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and if approved by the court, it should permit such disposition and enter judgment accordingly, and such judgment will be valid and binding upon the parties and their privies."
 
 
 17
 And the stipulation is subject to the observation made in Caprito v. United States, 5 Cir., 217 F.2d 783, 785, to the effect that absent fraud or mistake such as would justify vacation of the judgment and rewriting of the stipulation the District Court was correct in holding the defendants precluded by their agreement.
 
 
 18
 Defendants reserved no issues to be tried in the District Court on their merits — in fact, the record shows that defendants were attempting to abate further proceedings in the District Court and to transfer the cause to the New York district court. It was on the basis of their stipulation that the District Court granted the January 31, 1955 stay of proceedings. The stipulation removed the necessity of offering evidence in the District Court to prove the infringement charged was joint and that the defendants were severally liable therefor.
 
 
 19
 By the arguments they now advance the defendants in effect seek to repudiate their agreement. The issues they now urge fall within the category of what might have been litigated had the defendants not found it advantageous to agree to abide the judgment in the New York action.
 
 
 20
 The judgment appealed from explicitly protects Technical Tape Corporation against a double recovery and as this New York corporation sought to be bound in the District Court by the New York judgment it has no cause for complaint against the judgment order appealed from.
 
 
 21
 We have considered the basic issues presented by defendants' appeal. We do not deem it necessary to comment on all of the arguments advanced by the defendants in support of their position except to indicate that their remaining contentions, including those addressed to the claim that the District Court erred in denying motions for summary judgment in favor of defendants Warner and Collins, are as lacking in merit as those we have discussed.
 
 
 22
 The judgment order of the District Court is affirmed.
 
 
 23
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Referred to throughout this opinion as "plaintiff"
 
 
 [2]
 That action was then on appeal to the United States Court of Appeals for the Second Circuit. Technical Tape Corp. v. Minnesota Mining & Mfg. Co., 2 Cir., 200 F.2d 876, in which the District Court's order dismissing the complaint was reversed and the cause remanded
 
 
 [3]
 In connection with the motion to transfer Technical Tape of Illinois, Inc., Floyd R. Warner and B. Franklin Collins offered "jointly and severally * * * to be bound according to and in conformity with" the judgment which might be entered in the New York action. And see: 123 F.Supp. 497, 498, where the District Court in its opinion ordering the transfer noted such offers
 
 
 [4]
 The District Court stated in its opinion, 123 F.Supp. 497, 500, that in order not to prejudice a mandamus proceeding "the court will provide a period of time before the clerk is directed to transfer the files herein * * *"